Plaintiff sued on open account for price of groceries allegedly sold and delivered to the defendant on November 18, 1946, amounting to $167.20.
Defendant denies that he ordered or received the merchandise and, therefore, denies liability for the price of the same. He appeals suspensively from judgment in plaintiff's favor.
The material facts of the case are not in dispute. Plaintiff conducts a wholesale grocery business in the City of Shreveport and in other places in northwest Louisiana. During the years 1943, 1944, 1945 and to August 12, 1946, defendant operated a small retail grocery business in the Village of Jamestown, in the Parish of Bienville. He established credit with plaintiff and plaintiff sold and delivered to him weekly, over said period, groceries needful to the conduct of his business, for all of which payment was duly made. As a rule, defendant would give to plaintiff's traveling salesman orders for groceries he needed and on the following day delivery thereof would be made to him by truck.
On or about August 12, 1946, defendant opened up a grocery store in the City of Shreveport, and on that date he, according to his testimony, sold, entirely on credit to his brother, M.C. Pace, the stock of groceries he then had at Jamestown, but not the store building. Plaintiff was not informed of this change in ownership and consequently thereafter continued to weekly deliver to the place of business in Jamestown and charge to the defendant, such groceries as were ordered. The price of these groceries was all paid except those delivered on November 11, 1946, for which recovery is sought in this suit. The record does not disclose how *Page 526 
payments on account after August 12th were made; that is, whether in cash or by check.
In the month of December, 1946, defendant's store building at Jamestown with all of its contents was consumed by fire. Thereafter, for the first time, plaintiff learned of the purported sale of the stock of groceries by defendant to his brother and demand was promptly made upon defendant to pay the balance due on the account. He refused to do so and this suit followed.
While the testimony bearing thereon is not as clear as it could possibly have been made, we feel warranted in concluding that to all appearances the only change in the conduct of the Jamestown business after August 12th, from what it had previously been, was that M.C. Pace was in active charge of it. Defendant did not notify the State Department of Revenue of the change in ownership of the business, nor did M.C. Pace register the business in his name with that department. There is no doubt whatever that plaintiff, in good faith, continued to extend credit to the Jamestown business and to charge the prices of all deliveries to the defendant, while relying upon the belief that he was still the owner of the business. The question, therefore, is posed: Regardless of the change in ownership of said business, do the facts of the case commit defendant to liability for the indebtedness involved herein? In other words, since defendant did not inform plaintiff that he had sold the business and followed plaintiff to continue to extend credit thereto in his name, should defendant be held responsible for the amount sued for because of his inexcusable failure to inform plaintiffs that he, after August 12, 1946, was no longer owner of the business? The record does not warrant the conclusion that defendant, out of any wrongful motive or purpose, failed in his duty to plaintiff. He simply overlooked the matter or deemed it of no importance to his own interest. But it certainly can be said that due to his inaction, plaintiff was led and induced to do something that has resulted in loss to it. He was silent when he should have spoken.
[1, 2] It seems to us the equitable principle: "When one of two innocent parties must suffer, he through whose agency the loss occurred must bear it" has application. And, expressing the rule differently: "Where one of two parties, both guiltless of intentional wrong, must suffer a loss, the one whose conduct, act or omission occasions the loss must stand the consequences." 19 Am.Jut. P. 335, § 483.
For the reasons herein given, the judgment appealed from is affirmed with costs.