YARRUT, Judge.
This appeal was taken by Defendant, Louis Waterhouse, from a judgment in favor of Plaintiff for $136.95, interest and costs, as balance due for repairs to certain refrigerator equipment used in a business formerly operated by him before his divorce from his co-Defendant wife.
Plaintiff first sued Appellant (Louis Wa-terhouse), as the owner, claiming repairs were made for his account. Later, he filed a supplemental petition joining Appellant’s •divorced wife, alleging the business was a •community asset. Judgment was taken by Plaintiff against the wife for $136.95, etc., by default, from which no appeal was taken.
The Defendant-husband filed answer and proved that the business and its equipment were sold at public auction under court order to effect a partition of the matrimonial community after final divorce; that his wife became the adjudicatee thereof; and that the repairs were made after his divorced wife and co-Defendant became the owner.
The issue presented is: After a final divorce, is the husband liable for debts contracted by his wife in the continued operation of the community business which she purchased at public auction at a judicial sale to effect a partition and settlement of the community effects?
Plaintiff contends it was the duty of Wa-terhouse to notify him of the change in ownership, and having failed to do so, he was responsible for debts incurred by his wife after her purchase.
 This contention of Plaintiff is untenable. Irrespective of the fact that the community owned the business and the husband was bound for its debts, once the same was sold by judicial process at public auction after due advertisement, whether to the divorced wife or a third person, the husband was not responsible for debts thereafter contracted by the new owner. The judicial advertisement of the proposed partition sale at auction was notice to the public.
The case of DeSoto Wholesale Grocery Co. v. Pace, 34 So.2d 525 (Ct.App. 2nd Cir.) cited by Plaintiff, is not apposite here. There, a former owner and operator of a grocery store, who sold it to his brother at private sale, and who did not notify his wholesaler of such sale, was held liable for subsequent sales to the brother by such wholesaler.
Nor is the case of Meadowview Park Subdivision, Inc. v. Morrison, 130 So.2d 776 (Ct.App. 2nd Cir.), cited by Plaintiff, apposite here. In that case the owner of lots of ground knew that construction work by the prospective purchaser was progress *302 ing on the lots, yet allowed the construction to continue in the belief the purchaser would secure purchase money from some source and complete his purchase. The workmen claiming liens for their work were not aware that the purchaser did not own the lots. The owner was held liable for the labor liens of the workmen employed by the prospective purchaser. The record owner had never formally transferred the lots to the prospective purchaser.
For the reasons herein assigned, the judgment appealed from is reversed, and there is now judgment in favor of Defendant, Louis Waterhouse, dismissing Plaintiff’s suit, at Plaintiff’s cost in both courts.
Reversed and rendered.