CHASEZ, Judge.
This is an action on a promissory note brought by the payee, Excel Finance Mid City, Inc., against the maker, Logan Williams. The note, originally made for the sum of twelve hundred six dollars, has a balance due of nine hundred ninety-seven dollars which is the amount claimed in these proceedings. The matter came to trial in the First City Court of New Orleans, and a judgment was rendered in favor of the defendant-maker dismissing plaintiff’s claim. From this judgment plaintiff has instituted a devolutive appeal.
The facts are not in dispute. Logan Williams executed a promissory note in the sum of twelve hundred six dollars on March 26, 1963 payable to Excel Finance Company. The note was secured by a chattel mortgage on an itemized lot of furniture owned by Logan Williams which was located at his residence at 1422 Dumaine Street in New Orleans. On September 24, 1963, Logan Williams filed a petition in bankruptcy. Some three months later, on December 16, 1963, he was adjudged bankrupt and discharged from all debts and claims including the debt to Excel Finance Company. The household furniture and appliances which are listed in plaintiff’s chattel mortgage were disclaimed and abandoned in the bankruptcy proceeding, because the referee found that property to be encumbered to the extent that there was no equity for ordinary creditors. This disclaimer was effected by an order filed December 12, 1963, but other than the instant suit no action has been taken against this property.
Since the trustee in bankruptcy has disclaimed the chattel mortgaged property, the plaintiff-creditor may enforce his claim by foreclosure in the state courts. See Excel Finance Camp, Inc. v. Tannerhill, La.App., 140 So.2d 202. His rights against this property are limited to the ranking of his chattel mortgage along with privileges belonging to other creditors in this property and the amount for which his claim is secured. These rights are theoretically valid until prescribed, but are of practical value only so long as the property has a market value greater than the interests of all creditors who precede this chattel mortgage holder in the ranking of privileges and security rights against this property.
Defendant has answered plaintiff’s claim stating under oath that the mortgaged property, except for two chairs, has been destroyed by fire approximately one year before the suit was brought to trial.
Since plaintiff has not offered any evidence controverting this testimony we must conclude that defendant’s statement is true, and plaintiff’s claim against the property itself is extinguished as the property has been destroyed.
Thus, plaintiff’s rights are reduced to the terms of the chattel mortgage agreement which are brought into effect when the property is lost by fire. The clause pertaining to this situation requires the following:
“The mortgagors agree to keep the said property insured against loss by fire and theft in a sum equal to the amount of said note; said policies containing loss payable clause to holder or holders of said note; the holder or holders of said note can insure on failure of Mortgagors to insure. Any premium of insurance or other advances made by holder or holders of said note to insure and protect aforesaid property shall form a part and be secured by these presents.”
Thus, the basis of any claim originating from this chattel mortgage agreement is limited to whatever equity there may be remaining from the insurance proceeds. Plaintiff questioned Logan Williams about insurance coverage on the property and he stated that he carried a little insurance but had received nothing for the destroyed furniture. When plaintiff attempted to question him as to why no payment was made, the court sustained an objection to this question and plaintiff discontinued this line of interrogation. On appeal, plaintiff avers *848 that the trial court erred in denying plaintiff permission to examine the defendant concerning the non-payment by the insurance company. Thus the issue before this court is, what rights are available to the plaintiff under the chattel mortgage agreement with respect to insurance coverage on the mortgaged property, and if insurance is in effect, should he be allowed further inquiry into defendant’s claim under the policy.
Plaintiff’s rights under the chattel mortgage when the property has been destroyed by fire may be simply stated as follows: If the mortgagor has an adequate fire insurance policy in effect when the property is destroyed, then the plaintiff has rights to the proceeds from the policy as if he were foreclosing against the property itself. Further, it is agreed that the holder be named in the loss payable clause of the policy. But on the other hand, if the mortgagor has failed to carry adequate fire insurance, then the mortgage holder can, by his own efforts, have the property insured and any advances or premiums paid thereon are chargeable to the mortgagor. Thus, by the terms of the chattel mortgage agreement the property is to be insured, but the responsibility for having adequate protection seems to be placed on the mortgage holder. By the very existence of alternative remedies in the agreement, the mortgagor is held liable only for the payment of protection, while the mortgage holder is given the responsibility of arranging for adequate protection of his interests in the event the mortgagor fails to -do so. The responsibility of the mortgagor is limited to payment of the insurance protection; he may insure the property himself, and he has agreed to do so, but his failure to provide adequate insurance only permits the mortgage holder to exercise his responsibility towards his security interest. If inadequate insurance is a cause of the mortgage holder’s loss of a security interest, then he can hold no one liable but himself. The mortgage holder is ultimately responsible for protecting his own interests while the mortgagor is responsible only for payment for this protection.
In the present controversy, the defendant has admitted under oath that he has some insurance on the mortgaged property. Whether the insurance is adequate is not a question before this court nor should it be since the plaintiff-mortgage-holder has the responsibility of seeing that adequate insurance is provided. Thus, the plaintiff’s interest in defendant’s policy depends entirely on his interest in the property with respect to the amount of coverage in the insurance policy. The plaintiff, therefore, should be able to examine the insurance policy itself to ascertain what the policy limits are and if a claim had been made under the terms of the policy. He may take further evidence as to why no payment was made when the furniture was destroyed, but it should be noted here that plaintiff’s rights are strictly limited to the insurance policy in force at the time of the fire. Any allegations on the part of the plaintiff which charge the defendant with failure to keep adequate insurance shall have no part in this litigation since by the terms of the agreement defendant’s failure is to be corrected by plaintiff. Thus, to the extent that some proceeds may be due and owing on the insurance policy, then plaintiff has the right to examine the policy and the defendant with respect to why no payment has been made.
Plaintiff has based his argument requesting further examination of the defendant on several cases which concern wrongful disposition of mortgaged property. But whether the reference is an unauthorized sale and appropriation of the proceeds or concealment and removal of the property from the jurisdiction, the cases cited by the plaintiff have no bearing on the instant case. There are no charges of fraud nor intent to undermine creditor’s rights in this proceeding and we shall not consider that possibility on the basis of a reference made in the appellate brief. If plaintiff had reason to believe that defendant wrongfully disposed of the property, he had ample opportunity to bring that question before the *849 court. Thus, the inference of fraud is not under consideration in these proceedings.
This case shall be remanded to allow plaintiff to pursue his interest as confined to the terms of the chattel mortgage agreement referring to insurance protection. We have no basis on which to grant the plaintiff unlimited examination of the defendant, when it appears from the record that his interests are limited in these proceedings. Thus, the remand is restricted to allow an examination of the insurance policy and the parties thereto to determine what action has been taken subsequent to the loss by fire.
Remanded for the taking of additional evidence in accordance with this opinion.
Remanded.