LE SUEUR, Judge.
The basis of this action lies in contract. On October 8, 1965, the plaintiff and defendant entered into a written agreement which required that the defendant, in return for valuable consideration, design and construct a swimming pool on the rear lawn at plaintiff’s residence. Shortly after completion, the plaintiff discovered certain alleged defects in the construction and design of the pool and brought this action for damages. The trial court found for the plaintiff in the sum of $540.00 and the defendant has appealed.
The most serious defect alleged by the plaintiff and found by the trial court was the installation of the pool at an elevation several inches above the slab of the plaintiff’s house. This defect, absent special drainage arrangements, presents a clear danger of flooding to the plaintiff’s home, a danger which the plaintiff alleged had been realized.
The defendant took certain steps to correct these problems. First, a recessed area (3' x 6' x 41/2"). was set in between the pool and the sliding glass doors leading into the Polit den and a center drain was placed in the recessed area. Second, the drainage from the pool was disconnected from the sewer system and placed on an independent line leading to the street.
The law governing the case is clear. A construction agreement carries with it implied obligations, including the obligation to design and build in a workmanlike manner and to conform to the standards, practices, and usages of the industry and the community. Rathe v. Maher, La.App., 184 So.2d 256 (1st Cir. 1966).
The trial judge found that the mismatch in elevation between the house and pool, together with the failure to provide maximum drainage, and the failure to give advance notice of these difficulties to the landowner violated these standards. We agree. Problems of drainage in an urban community are too basic to be outside the warranty of workmanlike performance.
The trial court also found that steps can be taken to bring the drainage facility within that warranty. In view of the testimony of the expert witnesses, the court concluded that a system of French drains would afford maximum drainage to the premises and that these could be installed for the $540.00 assessed as damages. We see no manifest error in these findings. Byrnes v. Bostick, La.App., 214 So.2d 179 (4th Cir. 1968).
The plaintiff also claimed elements of damage that were denied by the trial judge. These include flooding and water damage within the house, sewerage flooding, certain safety hazards, and ugliness. These claims were supported solely by the testimony of the plaintiff. While it is true that the testimony of a plaintiff alone may be sufficient to support a claim, it is equally true that these circumstances require testimony that is consistent and in keeping with those points of reference which are known to the court. Faslund v. Kendrick, La.App., 169 So.2d 276 (1st Cir. 1964). Singer Lumbermart, Inc. v. Park Manor Homes, La.App., 185 So.2d 77 (4th Cir. 1966). Here, the trial judge, noting that the plaintiff’s testimony concerning flooding was at odds with official weather data and certain alterations made by the defendant, concluded that the plaintiff’s evidence concerning these damages did not meet this test. We see no manifest error in this ruling.
For these reasons, the judgment appealed from is affirmed, at appellants’ cost.
Affirmed.