TUCKER, Judge.
The plaintiff, Citizens Finance Company of Amite, Louisiana brought this suit to recover the sum of three thousand, five hundred thirty-eight and 68/100 ($3,538.-68) dollars with interest at the rate of 8% per annum from March 5, 1968 until paid and 25% on both principal and interest as attorney fees against the defendant, Charles Buchanan, on a promissory note, dated August 5, 1966 in the original principal sum of four thousand, seven hundred ninety-eight and 20/100 ($4,798.-20) dollars. In addition to the signature of the defendant the purported signatures of Jerrye Buchanan and Letha May Buchanan appeared on the face of the note. These were not genuine but were admittedly placed thereon by the defendant along with his own signature. The defendant resisted the demands on the *73 ground plaintiff was equitably estopped from claiming the balance due on the note for the reason that from the proceeds of the loan covered or represented by the note the sum of two hundred thirty-nine and 91/100 ($239.91) dollars was deducted as a premium or premiums for life insurance, and the sum of two hundred fifty-nine and 11/100 ($259.11) dollars was deducted for the same purpose to cover “accident and health (disability) insurance”; that in light of his past financial dealings with the plaintiff, it was his understanding these policies customarily should have been written to cover him rather than his mother, Jerrye Buchanan, on whom the policies were taken out. After the confection of this loan and before the case was tried in the lower court the manager of plaintiff, Morris Carroll, with whom plaintiff did business, passed away.
On March 3, 1970 the lower court signed a judgment in favor of the plaintiff and against the defendant in the sum of three thousand four and 98/100 ($3,004.98) dollars with interest at the rate of 8% per annum from March 8, 1968 until paid and 25% on the amount of principal and interest as attorney fees and all costs of Court. From this judgment defendant appealed.
There were no written reasons assigned by the lower court. We believe, however, that the difference in the amount sued for and the amount awarded in the judgment can be attributed largely to the costs of the questioned policy premiums. The defendant admitted that when he made the loan he did not discuss with Mr. Carroll the question of insurance and the record does not reflect the reason or reasons for the insurance being issued in the name of Jerrye Buchanan, plaintiff’s mother.
In the opinion of this court the doctrine of equitable estoppel has no application to the facts presented here, and the facts of the case of Travelers Insurance Company v. United States Fidelity and Guaranty Company, 168 So.2d 439 (La.App.3d Cir. 1964) are inapposite to those in the case at bar.
The defendant signed the note, received the money, and was in default thereon when the suit was filed.
Therefore, the judgment of the lower court is affirmed at defendant’s costs.
Judgment affirmed.