261 So.2d 652

CITIZENS FINANCE COMPANY OF AMITE, Louisiana, Plaintiff-Appellee-Respondent,

v.

Charles BUCHANAN, Defendant-Appellant-Relator.

No. 51576.

May 1, 1972.

Palmer & Palmer, Robert E. Palmer, Amite, for defendant-applicant.

Schilling & Simpson, Joseph H. Simpson, Amite, for plaintiff-respondent.

TATE, Justice.

The plaintiff finance company sues for the unpaid balance of a promissory note evidencing a loan to the defendant, Charles Buchanan. Buchanan defends on the ground that the finance company negligently failed to obtain disability insurance, which would have paid the note when he became disabled.

The trial and intermediate courts rejected this defense. 248 So.2d 72 (La.App.1st Cir.1971). They did so because the plaintiff finance company had taken out the disability insurance on the defendant's mother (Jessye), an endorser or accommodation maker of the note, instead of on the defendant borrower himself.

We granted certiorari, 259 La. 752, 252 So.2d 452 (1971), on the strong contention that the finance company's negligence in taking out the insurance on the wrong person should bar its recovery.

The note signed by the defendant Buchanan for the loan was in the amount of $4,798.20. It was payable in 60 monthly installments of $79.97 each. Included in the note was the loan (including money advanced and a previous indebtedness), a substantial amount of prepaid interest, a $239.91 premium for life insurance, and, pertinently, a $259.11 premium for disability insurance.

According to the certificate of insurance in evidence, a Creditor-Debtor Insurance Policy was issued to the Creditor, the plaintiff finance company, as a result of these premium payments. It insured the "Debtor named below" against death or disability during the 60-month term of the loan. The death benefits were in the amount of the loan on a decreasing balance. In the event the debtor became disabled during these 60 months, the disability benefit was to be $79.97 monthly (the exact amount of monthly debt payments due), payable to the finance company during the remainder of the 60 months after disability.

The blank filled in for the "Debtor" listed him (her) as Jessye Buchanan, age 48, born in 1918. In fact, the mother was 68–69 years old at the 1970 trial and was thus born in about 1902. The age and birthdate were apparently intended to be that of the borrower, the defendant Charles Buchanan.

In denying liability for the debt, the defendant's answer affirmatively alleged as

a defense: "Plaintiff's agents, at the time the note and mortgage sued upon was executed charged defendant for disability insurance and negligently insured Jessye Buchanan, an alleged co-signor of the note, instead of plaintiff and when plaintiff subsequently became disabled, both he and plaintiff could not recover under the policy . . . Therefore, plaintiff is estopped from claiming any amounts due [during disability]."

The substance of the *defense*[1] thus alleged is that the defendant was not delinquent in the $79.97 monthly installments and did not owe them, because the plaintiff-lender was liable to him, the borrower, in an equal amount because of its failure to procure disability insurance in his name. This policy would have paid the $79.97 installments as they became due.

Under the system of fact pleading of our procedure, La.C.Civ.P. Arts. 854, 1003, the ·facts alleged adequately plead the affirmative defense of "extinguishment of the obligation in any manner", see La.C.Civ.P. Art. 1005. An obligation may be extinguished by compensation, Civil Code Art. 2130, which takes place when two persons are indebted to each other, Civil Code Art. 2207, by "two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liqui-

dated and demandable", Civil Code Article 2209.

The facts show that the note was signed by Charles Buchanan as borrower. To the note, according to the uncontradicted testimony, he also affixed the names of his wife (Lethar May) and his mother (Jessye) in the presence of the finance company manager and at the latter's suggestion.

At the trial, the present manager of the finance company had no explanation why the life and disability insurance was taken out in the name of the mother (Jessye), a surety on the note, instead of on the borrower himself, the defendant Charles Buchanan. The manager at the time of the loan was now dead.

The defendant Buchanan testified that, at the time of the present loan, there was no conversation as to the life or disability insurance. However, since on each previous occasion such insurance to secure the payment of the loan had been taken out in the name of him as borrower, he thought the disability policy had been taken out on him this time, too.

The evidence further shows that at the time of the loan the defendant Buchanan was employed by a steel mill. However, he became disabled in 1967. When he reported this circumstance to the finance company, he learned for the first time that

1. The defendant debtor further expressly reserves his rights to file a separate suit for damages for the plaintiff's tortious acts and its breach of contract.

the disability insurance had been taken out on his mother instead of on him.

Under the circumstances shown, it is apparent that the purpose of the life and disability insurance paid for by the borrower was to insure the payment of the debt to the finance company in the event of *his* death or disability. Although no specific conversation was had at the time of the present loan, the borrower was entitled to rely upon the circumstance that the large premiums exacted from him as a condition for the loan were to be applied to buy the policy to protect him, as in the past. See Civil Code Article 1964: "Equity, usage and law supply such incidents only as the parties may reasonably be supposed to have been silent upon from a knowledge that they would be supplied from one of these sources." [2]

Under somewhat similar circumstances, a finance company was held not entitled to recover a loan from its borrower because of its own negligent failure to procure adequate insurance for such debtor, as contemplated by the loan agreement. Kline v. Globe Automobile Finance Company, 100 So.2d 517 (La.App.Orl.1958), certiorari denied. Likewise, for instance, insurance agents or brokers have been held liable to a person relying on them to obtain insurance, when they have negligently failed to procure insurance as agreed; their liability being the amount that would have been due under the policy if it had been obtained. Bordelon v. Herculean Risks, Inc., 241 So. 2d 766 (La.App.3d Cir. 1970); Arceneaux v. Bellard, 149 So.2d 444 (La.App.3d Cir., 1963), certiorari denied 244 La. 154, 150 So.2d 771 (1963). See also Annotation, 29 A.L.R.2d 171 (1953).

When the plaintiff became disabled during the term of the disability insurance, it is undisputed that he was current in his payments and that the disability payments were sufficient to extinguish the debt, if the borrower was insured by that coverage.

We therefore conclude that the evidence proves the defendant's affirmative defense of compensation. The defendant Buchanan does not owe the plaintiff creditor all or part of the principal demand, because, for each $79.97 monthly payment as it fell due, he is entitled to recover the identical sum from the finance company. The latter's liability results from its negligent failure or its breach of contract to procure its borrower disability insurance, as contemplated by the loan agreement, which would have made payments to this creditor fi-

---

2. As a matter of fact, the entire circumstances, including that the age listed was that of the borrower, not of his aged mother, indicate that the mother-surety's name was erroneously entered in the blank instead of the debtor-borrower's and that, within the actual intention of the parties, the policy was issued to insure the borrower instead of his mother. See Maggio v. State Farm Mutual Auto Ins. Co., 123 So.2d 901 (La.App.1st Cir.1960).

nance company in an amount each month equal to the debt installment due.

For the foregoing reasons, the judgments of the previous courts are reversed, and the plaintiff's suit is dismissed. The plaintiff is to bear the costs incurred in the previous and present courts.

Reversed and dismissed.

SUMMERS, J., dissents.