ON REHEARING
PER CURIAM.
Able counsel for appellant has made timely application for a rehearing based upon the contention that the uncon-troverted testimony of the plaintiff must be accepted as true citing, as authority, Excel Finance Mid City, Inc. v. Williams, 205 So.2d 846 (La.App. 4th Cir. 1968). While the record supports a conclusion that plaintiff’s testimony is, in fact, controverted, we have, nevertheless, given consideration to this contention particularly because of the dissenting opinion of our colleague.
We are more persuaded by Polit v. Babcock, 232 So.2d 916 (La.App. 4th Cir. 1970) in which this court reiterated the rationale expressed in Franklin v. Texas & Pacific Railroad Co., 35 So.2d 251 and 35 So.2d 867 (Orl.La.App.1948). In Polit, supra, this court stated that:
“While it, is true that the testimony of a plaintiff alone may be sufficient to support a claim, it is equally true that these circumstances require testimony that is consistent and in keeping with those points of reference which are known to the court . . . Here, the trial judge, noting that the plaintiff’s testimony concerning flooding was at odds with the official weather data and certain alterations made by the defendant, concluded that the plaintiff’s evidence concerning these damages did not meet this test. We see no manifest error in this ruling.”
In Hollier v. Broussard, 220 So.2d 175 (La.App. 3rd Cir. 1969), the court affirmed a trial court’s ¡judgment denying plaintiff-appellant the right to proceed in forma pauperis. The only evidence at the hearing was the testimony of the plaintiff. The court stated:
“However, the trial court did not accept as credible the plaintiff’s testimony as to his lack of income .
“We are unable to hold that the trial court committed manifest error in construing the testimony of the plaintiff, and the context of the entire circumstances reflected by it, a showing that the community earnings were substantially in excess of that which the plaintiff testified. The uncontradicted testimony of a witness should normally be accepted as truthful. Nevertheless, this principle does not apply when the record reflects circumstances reasonably casting doubt upon the credibility of the witness.” (citations omitted).
In Ramos v. Matson Nav. Co., 316 F.2d 128 (Ct. of App. 9th Cir. 1963), the court stated:
“We have long since abjured the notion that a court cannot reject ‘uncontradict- *254 ed’ testimony that it finds not worthy of belief.”
In Wood v. C. I. R., 338 F.2d 602 (Ct. of App. 9th Cir. 1964) the same court observed that:
“We know of no rule that uncon-tradicted testimony must be accepted by a court finding the facts, particularly where, as here, the testimony is given by interested parties. These parties appeared in person before the Tax Court and the court had the opportunity to note the demeanor and manner of testifying of the witnesses, the mode in which they responded to questions on cross-examination, their readiness to answer or hesitation as the case may be, and all these are matters as to which we have no equal opportunity of judging. .We were confronted with a similar situation in National Labor Relations Bd. v. Howell Chevrolet Co., 9 Cir., 204 F.2d 79, 86, where we stated: ‘Respondent maintains that the trial examiner was obliged to accept as true statements made by its own witnesses when those statements were not contradicted. It says:. “It is well settled law that where a witness’ testimony is not contradicted, a trier has no right to refuse to accept it.” This is an ancient fallacy which somehow persists despite the courts’ numerous rulings to the contrary. It overlooks the significance of the carriage, behavior, bearing, ■manner and appearance of a witness,— his demeanor, — when his testimony is given orally in the presence of the trier of facts. As stated by the Court of Appeals for the Second Circuit in a recent case, Dyer v. MacDougall, 201 F.2d 265, 269; “Moreover, such evidence may satisfy the tribunal, not only that the witness’ testimony is not true, but that the truth is the opposite of his story; for the denial of one, who has a motive to deny, may be uttered with such hesitation, discomfort, arrogance or defiance, as to give assurance that he is fabricating, and that, if he is, there is no alternative but to assume the truth of what he denies.” ’ ”
Wigmore, in his work on Evidence, Third edition, Volume 7 Second 2034, page 260 states:
“Conversely, the mere assertion of any witness does not of itself need to be believed, even though he is unimpeached in any manner; because to require such belief would be to give a quantative and impersonal measure to his testimony.”
We believe that the expression of the court in Wood, supra and the observation by Wigmore states the correct position and we adopt it here. The application is denied.

REHEARING DENIED.