DOUCET, Judge.
In October of 1985, defendants, Ira and Ruth King, renewed a loan with Gulfco Finance Company (Gulfco). Accordingly, defendants signed a promissory note in the amount of $28,233.24 which included finance charges, credit life insurance premium, and official fees. As security for the loan, defendants executed a collateral mort *802 gage on Lot Number 36 of the Shady Acres Subdivision in Ferriday, Louisiana. The collateral mortgage was executed in favor of Gulfco on the same date.
Defendants signed a Federal Disclosure Statement and such statement indicates that no property insurance was included in the loan. Ruth King was aware that insurance coverage was required because she and her husband had had several loans with Gulfco over the past years. Defendants did not notice at the time of the closing that no property insurance was included in their monthly payments on the loan.
Shortly thereafter, the manager of Gulf-co called Mrs. King and informed her that insurance coverage had to be taken out on the mortgaged immovable property. Mrs. King informed the Gulfco manager that she and her husband could not afford to pay the premium. The manager told her that Gulfco would take out insurance for the Kings and finance the premium, the same arrangement as the year before. Gulfco obtained the insurance through Bill Mayer, an independent agent in Ferriday, and a policy was purchased from Texas Fire and Casualty Company to cover the collateral.
In March of 1986, the collateral on the insurance policy burned. Thereafter, a claim was filed and processed. Two drafts were mailed to the Kings by the insurance company. The Kings delivered the drafts to the Gulfco office in Ferriday. Gulfco took the drafts, posted them to defendants’ account and sent the drafts for collection.
Gulfco rebated to defendants the interest and applicable insurance rebates when the draft was posted to the account. The mortgage was not cancelled since the draft had to go through the collection process. The drafts were dishonored and returned to Gulfco, who then contacted defendants to let them know that the drafts had not been honored. When defendants were unable to pay the note, foreclosure proceedings through executory process were instituted.
The trial court rendered a judgment in favor of defendants, enjoining the exec-utory process at plaintiffs costs.
On appeal, plaintiff specifies three assignments of error, the first being that the District Court erred in holding that the responsibility for adequate fire and hazard insurance coverage should be placed upon Gulfco. We disagree.
The District Court made a factual determination that under the reasoning set forth in Excel Finance Mid City, Inc. v. Williams, 205 So.2d 846 (La.App. 4th Cir.1968), Gulfco did not exercise its responsibility for providing adequate coverage on defendants’ mortgage note. Gulfco urges, however, that Excel, supra, is not applicable to the instant situation since the insurance coverage provided by Texas Fire and Casualty Company was adequate as to the amount of coverage provided. However, we find this to be an improper interpretation of the word “adequate.” Defendants cite Webster’s in order to determine the fair import of the word. Webster’s New World Dictionary of the American Language, 2nd College Edition, Copyright 1986, defines “adequate” as: “Enough or good enough for what is required or needed; sufficient or suitable.” Based upon this definition, we find that such insurance coverage was not adequately provided. Defendants filed a claim for their losses after the fire and such claims were not honored due to the insolvency of the insurance company. We cannot say that this is “good enough for what is required or needed,” or “sufficient or suitable” as stated in Webster’s definition. As such, this assignment of error lacks merit.
In plaintiff’s second assignment of error, it urges that the District Court erred in holding that Gulfco Finance Company was liable as mandatory for the insolvency of Texas Fire and Casualty Company. We disagree.
The District Court made the finding that a mandate was created by the agreement of the parties wherein Gulfco became the mandatory of defendants for the sole purpose of purchasing an insurance policy on the property. The court further held that the mandatory’s duty in this case was to purchase good fire insurance with a solvent *803 insurance company. Further, the court held that the insolvency of the insurance company was an entirely foreseeable possibility and thus, Gulfco would be liable in this respect. Gulfco, however, urges that it could not have possibly foreseen that the insurance company would become insolvent. We disagree. As correctly pointed out by defendants in their appellate brief, the possibility of insolvency was entirely foreseeable given the state of the present economy in Louisiana. Thus, we reject this argument.
Gulfco also points to a certain clause located in the mortgage instrument signed by defendants to support its contention that it is not responsible for defendants’ loss. The pertinent clause is as follows:
“And in cases of failure on the part of the Mortgagor so to pay such taxes, assessments and other governmental or municipal charges, fines or impositions, or so to insure and so to deliver such policies, then the said Mortgagee may effect such insurance and may pay such taxes, assessments and other governmental or municipal charges, fines or impositions and the amount so paid shall be immediately due and payable by the Mortgagor with interest thereon computed at the same Annual Percentage Rate originally disclosed from date of disbursement and shall to the extent hereinafter stipulated be deemed a part of the debt or principal secured by this act of mortgage; provided, however, that none of the above provisions shall be construed as obligatory upon the Mortgagee or as making it liable for loss, damage or injury which may result from the non-insurance of the said buildings and improvements, or other failure.” (Emphasis added)
Thus, Gulfco urges that the situation where the insurance carrier became insolvent is encompassed in the phrase “or other failure” and that it is therefore not liable for defendants’ loss. We disagree. We find that the clause “or other failure” does not contemplate the facts in the instant situation. In the instant situation, Gulfco became the mandatory of the Kings for the purpose of obtaining insurance for them. Gulfco voluntarily chose to undertake the task of obtaining insurance for defendants but the insurance was not adequate as the carrier became insolvent. The aforementioned clause negates Gulfco’s liability in the case of their inaction. In the instant case, defendants’ situation was created not by Gulfco’s inaction, but instead by their actions, i.e. voluntarily undertaking the task of obtaining insurance for defendants. Thus, we find that the disclaimer is not applicable in this situation. As such, we reject plaintiff’s contention.
In plaintiff’s final assignment of error, it contends that the District Court erred in holding that the Kings’ obligation on the promissory note was extinguished by compensation. We disagree.
Pursuant to La.C.C. art. 1902, an obligation claimed in compensation, although unliquidated, can be declared compensation by the court as to that part of the obligation that is susceptible of prompt and easy liquidation. This is precisely the course that the lower court took in the instant situation. We find, therefore, that the lower court did not err when it found that the Kings’ obligation on the promissory note had been extinguished by compensation. Thus, we will not disturb the lower court’s findings with respect to this issue on appeal.
Accordingly, for the reasons assigned, the judgment of the lower court is affirmed. All costs are assessed to Gulfco, appellant.
AFFIRMED.
FORET, J., dissents and will assign reasons.