552 So.2d 1199 (1989)
GULFCO FINANCE COMPANY
v.
Ira Edward KING et ux.
No. 89-C-1197.
Supreme Court of Louisiana.
December 11, 1989.
Robert Clark, Vidalia, for applicant.
Dianne Mayo, Lake Charles, for respondent.
DIXON, Chief Justice.
This case concerns the duty of a mortgagee to a mortgagor in obtaining insurance on mortgaged property. On October 14, 1985, defendants Mr. and Mrs. King renewed a loan with plaintiff Gulfco Finance Company. The Kings executed a promissory note in the amount of $28,233.24 to be paid in eighty-four monthly installments beginning in November 1985. The note was secured by a collateral mortgage on the Kings' house and the lot on which the house stood. With respect to insurance on the mortgaged property, the mortgage provided:
"Mortgagor will keep the improvements now existing or hereafter erected on the mortgaged property insured as may be required from time to time by the Mortgagee against loss by fire and other hazards, casualties and contingencies, in such amounts and for such periods as may be required by the Mortgagee and will pay promptly, when due, any premiums on such insurance, provision for payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the Mortgagee and the policies and renewals thereof shall be held by the Mortgagee, and have attached thereto loss payable clauses in favor of and in form acceptable to the Mortgagee ...
. . . . .
And in cases of failure on the part of the Mortgagor ... so to insure and so to deliver such policies, then the said Mortgagee may effect such insurance ... and the amounts so paid shall be immediately due and payable by the Mortgagor ..."
The Kings believed that property insurance was included in their monthly payments on the loan, as had been done in the loan from Gulfco obtained in 1984. There was no property insurance included in the loan, however, and the manager of Gulfco called the Kings at some point to inform them that they would have to obtain insurance. The Kings did not have enough money to pay the insurance premium, so the parties agreed that Gulfco would take out insurance for the Kings and finance the premium under the same arrangement as the previous year. The Kings understood that they could get their own insurance coverage, but elected to allow Gulfco to obtain *1200 property insurance for them. A policy was purchased from the same company, Texas Fire and Casualty Company, and through the same independent insurance agent as in 1984. There was neither any agency relationship nor any corporate connection between Gulfco and Texas Fire and Casualty.
On March 3, 1986, the Kings' house was damaged by fire. The Kings filed a claim. Texas Fire and Casualty responded by sending them two drafts for a total amount of $16,822.23. The Kings endorsed the drafts and gave them to Gulfco. The drafts were not honored on presentment because Texas Fire and Casualty had become insolvent. Gulfco told the Kings that the drafts had been dishonored. When the Kings were unable to pay the promissory note, Gulfco initiated foreclosure proceedings by executory process. The Kings petitioned to enjoin the executory process.
The trial court decided that when Gulfco agreed to obtain insurance on behalf of the Kings, a limited act of agency or mandate was created for the joint interest of all parties. C.C. 2985, 2986. The court held that Gulfco's duty as mandatory was to purchase good fire insurance with a solvent insurance company. The Kings were considered entitled to rely on Gulfco to choose a proper insurance company, especially since Gulfco reserved the right in the mortgage to approve the company from which the policy was to be obtained. As for Gulfco's liability to the Kings for the loss caused by the insolvency of Texas Fire and Casualty, the trial court held: "while there is no evidence to indicate that Gulfco had any reason to suspect that the Texas Fire and Casualty Company would become insolvent, it is entirely foreseeable that such a possibility existed and therefore Gulfco would be liable in the respect," citing C.C. 1996. The court declared that the Kings' obligation on the promissory note had been extinguished by compensation. The executory process against the Kings' property was enjoined.
The court of appeal affirmed, finding that the insurance obtained by Gulfco was not adequate since the Kings' claims were not paid. The court also found that insolvency was foreseeable because of the state of the economy in Louisiana. Gulfco Finance Co. v. King, 542 So.2d 801 (La. App.3d Cir.1989).
In obtaining and financing a property insurance policy for a mortgagor, a mortgagee does not guarantee that the insurance company will be financially able to pay claims when filed. This point of law has long been settled in other jurisdictions. Master Plumbers Limited Mutual Liability Co. v. Cormany & Bird, Inc., 79 Wis.2d 308, 255 N.W.2d 533 (Wis.1977); Winans v. Manning, 61 P. 393 (Kan.1900); Gettins v. Scudder, 71 Ill. 86 (1873); Southern Building & Loan Association v. Miller, 110 F. 35 (4th Cir.1901). The trial court was correct in noting that the insurance on the mortgaged property was for the benefit of both mortgagee and mortgagor. The Kings were entitled to rely on Gulfco to exercise due care in selecting a good and solvent insurance company. There is, however, no evidence indicating lack of due care on the part of Gulfco. The trial court recognized that Gulfco had no reason to suspect that Texas Fire and Casualty would become insolvent. The policy obtained by Gulfco was adequate in its terms. Cf. Karam v. St. Paul Fire & Marine Insurance Co., 281 So.2d 728 (La.1973) (wrong amount of policy); Citizen Finance Co. of Amite v. Buchanan, 261 La. 1022, 261 So.2d 652 (1972) (wrong party named in policy). The bare fact of the insurer's insolvency does not show fault or neglect in obtaining adequate insurance. Gulfco, therefore, is not liable to the Kings for the nonpayment of claims by Texas Fire and Casualty. The Kings' obligation on the promissory note has not been extinguished.
The judgments below are reversed and vacated, the case is remanded to the district court for further proceedings consistent with this opinion, at the cost of the defendants.