HAMITER, Justice.
Anthony Pasqua and his four brothers— Sam, Blaise, Peter and Joseph — seek in this action to recover damages in the sum of $10,978.50 allegedly sustained by them as a result of the breach of a funeral service policy issued on October 15, 1939 by Wood-ruff’s Insurance Company and later assumed by the defendant, the State National Life Insurance Company, Inc. Additionally, plaintiffs ask judgment for $168.-25 under the terms of such contract.
The policy, a copy of which is attached to the petition, names Josephine Pasqua as the insured; it provides for a burial benefit of $500; and it designates Anthony Pasqua, the insured’s son, as the beneficiary. Further, in paragraph 14 thereof, it states: “Casket furnished on the Five Hundred ($500.00) Dollar Funeral Service shall be of Copper Bearing Steel or Arinco Ingot Iron with heavy Plate Glass Top, Sealed to make it airtight and vermin proof, and 'lined with High Quality Silk.”
The insured Josephine Pasqua, the allegations of the petition herein recite, died at 12:35 o’clock a. m. on August 1, 1951. Immediately thereafter plaintiffs sought to obtain for their deceased mother the services provided for in the mentioned funeral •policy, then in full force and effect; but the defendant and its agent, the Wilbert Funeral Home, Inc., of the City of Plaque-mines, refused to comply with the provi•sion relative to the type of casket to be *357 furnished. Whereupon plaintiffs, about 6:00 o’clock of the morning of August 1, 1951, acquired from Hollabaugh Seale Funeral Home, in Baton Rouge, the casket in which their mother was buried, they having ordered it in accordance with the description set forth in paragraph 14 of the funeral policy and having paid therefor the sum of $978.50.
Plaintiffs further allege that as a result of defendant’s failure to fully comply with its contract they “were embarrassed, humiliated, distressed and suffered severe mental anguish for which damages they should be compensated for by an award of this court in the amount of $10,-000”; that they should be reimbursed the sum of $978.50 which they paid for their mother’s casket; and that “additional costs” of $168.25 charged them by defendant’s funeral home agent is not owing, the services involved having been covered by the policy.
To the petition the defendant pleaded that there is a misjoinder of parties plaintiff, that the present action is premature, and that no right or cause of action is disclosed.
The district court, after a hearing on the pleas, rendered and signed a judgment decreeing that the exception of misjoinder of parties plaintiff be sustained and that the suit be dismissed.
From the judgment plaintiffs appealed to the Court of Appeal, First Circuit. However, that court, on the suggestion of all litigants that it was without appellate jurisdiction inasmuch as the amount in controversy exceeded $2000, transferred the cause here, 66 So.2d 362.
Since only Anthony Pasqua is named beneficiary in the funeral policy, the provisions of which are the sole basis for the demands made herein, the other plaintiffs have no right to proceed against the defendant. “An action can only be brought by one having a real and actual interest which he pursues * * Code of Practice Article 15.
Relying on the quoted codal provision the trial judge, as his written reasons disclose, reached the same conclusion; and he sustained the exception of misjoinder, reasoning that the joining of “parties not named in the policy of insurance as beneficiaries” is improper. Then he dismissed the suit as to all plaintiffs.
We find no error in the sustaining of the exception and the dismissal of the suit .as to those plaintiffs without interest in the insurance contract. However, our opinion is that the action should not be.dismissed as to Anthony Pasqua, the remaining plaintiff and the beneficiary named in the policy. For doing so there appears no good reason.
*359 Of course, there are cases in our jurisprudence (cited in the brief of defense counsel) which seem to hold that the sustaining of an exception of misjoinder of parties carries with it a dismissal of the entire suit. But in none was the exception sustained because of the lack of real and actual interest — rights of action- — in some ■of the joined parties, as here. Rather, in each of those cases there was misjoinder for the reason that the parties sought to be joined had no common interest in the litigation, although all were directly interested in its outcome. And, as a consequence, the court could not discriminate among them, dismissing the suit as to some and maintaining it as to others. But in this cause a partial dismissal can be decreed without any resulting discrimination.
For the reasons assigned the judgment appealed from is affirmed insofar as it sustains the exception of misjoinder and dismisses the suit of plaintiffs Sam, Blaise, Peter and Joseph Pasqua. In all other respects such judgment is annulled and set aside, and the case is remanded to the district court for further proceedings according to law and not inconsistent with the views hereinabove expressed. The named plaintiffs shall pay the costs incurred in the Court of Appeal and in this court, and all other costs shall await the final determination of the litigation.