LOTTINGER, Judge.
Petitioner filed this suit against A. A. Bensabat, Jr. and Mort Silverman seeking the specific performance of alleged contracts or, in the alternative, damages for breach. Both defendants filed exceptions of misjoinder and defendant Silverman additionally filed an exception to the jurisdiction rationae personae. All of the exceptions were maintained below and the petitioner’s entire suit was dismissed. Petitioner filed this appeal.
TJhe petition sets forth that on November 18, 1953, petitioner and defendant A. A. Bensabat, Jr., entered into the following, contract:
“In consideration of One Dollar ($1.00) and labor necessary to install1 and place in satisfactory operation radio broadcast equipment for Radio Station KMRC owned by Tri City Broadcasting Incorporated at Morgan City,. Louisiana, A. A. Bensabat, Jr., agrees to transfer fifteen shares of stock in TriCity Broadcasting Incorporated. Said! transfer of stock shall be subject to approval of the Board of Directors of Tri City Broadcasting Incorporated, transfer of stock shall not take effect until said labor is performed by J. A. Robinson IV and deemed satisfactory by the Board of Directors of Tri City Broadcasting Incorporated. Witness our hands and seals this 18th day of November 1953.”
Said contract was signed by A. A. Bensa-bat, Jr. and J. A. Robinson IV and is filed of record in this proceeding.
The petition further sets forth that on1 November 16, 1953, petitioner and defendant Mort Silverman entered into the following contract:
“It is hereby agreed by the writer to turn over to you five (5) shares of Stock in Tri City Broadcasting, Inc., now owned by me, for payment in lieu of cash for installation of equipment for Radio Station KMRC in Morgan City, Louisiana. This is also to be considered as full payment to you for all other obligations which you may feel the writer owes you as a partner in Tri City Broadcasting Company. This agreement'is only valid if at least an equal amount of stock is turned over to *155 you for the above reasons as stipulated by Mr. A. A. Bensabat, partner in Tri City Broadcasting Co.”
Said agreement was signed by Mort Silver-man and J. A. Robinson IV and is filed of record in this proceeding.
The petition further alleges that all conditions of the contract have been performed by the petitioner but that the defendants have refused to transfer the stock to petitioner. The petitioner, therefore, seeks ■specific performance or, in the alternative, damages, in the amounts of $1,500 from defendant Bensabat and $500 from defendant Silverman.
The defendants each filed an exception of misjoinder of parties defendant. The grounds for said misjoinder are that the contracts are separate and distinct, that there is no joint or solidary obligation by defendants disclosed in the petition, nor is any privity of contract shown between the parties defendant, nor is it shown that the defendants were partners in the hiring of petitioner. »
Defendant Silverman further filed an exception to the jurisdiction rationae personae on the grounds that he is a resident of the Parish of Orleans and must be sued in his own parish, and that the petition sets forth no exception to said jurisdictional requirements.
The Lower Court maintained all exceptions and dismissed the entire suit. The petitioner has filed an appeal.
The record shows that defendant Bensa-bat is a resident of the Parish of Lafourche, whereas the defendant Silverman is a resident of the Parish of Orleans. Article 162 of the Louisiana Code of Practice provides as follows:
“It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicil or residence, and shall not be permitted to elect any other domicil or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law.”
There is nothing in the petition which would show that defendant Silverman would come within any of the exceptions to the above article. It is clear that the contracts were separate and distinct, that there was no joint or solidary obligation by defendants, nor was there any partnership or privity of contract existing between them. For the said reason, we believe that the exception of jurisdiction rationae personae filed by defendant Silverman was properly maintained. The proper Courts for the determination of his obligations under his contract would be those of his own residence in the Parish of Orleans.
As to the exceptions of misjoinder of parties defendant, we believe that same was properly maintained, as to defendant Silverman, for the same reasons as given above. There is no showing that he was a party to, or had any interest whatever, in the contract between petitioner and defendant Bensabat. His contract with petitioner was a separate and distinct agreement and we feel that petitioner’s rights, if any, thereunder must be maintained by a separate and distinct suit against Silverman which must be brought in the jurisdiction of his residence.
As to the exceptions filed by defendant Silverman were maintained by the Lower Court, and will be affirmed by this Court, we feel that the exception of misjoinder filed by defendant Bensabat now becomes a moot question. True, there was originally an improper cumulation of actions in this suit. However, by the maintenance of the exceptions by Silverman, the action as against him will be dismissed, and defendant Bensabat will have no cause for complaint. The Lower Court, in dismissing the entire suit, gave the following reasons therefor:
“It is the Court’s opinion that the exceptions of misjoinder of parties-defendants must be maintained and that plaintiff’s entire suit be dismissed for *156 the reasons set forth in the case of Delesdernier Estate, Inc., v. Zettwoch, La. App., 175 So. 137, wherein the Court held that where defendants are improperly joined in a suit and the court is unable to determine which of said defendants are improperly joined, the entire suit must be dismissed.”
We do not believe that it is impossible to determine which of the defendants are the proper party to this suit. In Pasqua v. State National Life Insurance Co., Inc., 226 La. 354, 76 So.2d 394, 395, the Supreme Court of Louisiana stated:
“Of course, there are cases in our jurisprudence (cited in the brief of defense counsel) which seem to hold that the sustaining of an exception of mis-joinder of parties carries with it a dismissal of the entire suit. But in none was the exception sustained because of the lack of real and actual interest— rights of action — in some of the joined parties, as here. Rather, in each of those cases there was misjoinder for the reason that the parties sought to be joined had no common interest in the litigation, although all were directly interested in its outcome. And, as a consequence, the court could not discriminate among them, dismissing' the suit as to some and maintaining it as to others. But in this cause a partial dismissal can be decreed without any resulting discrimination.”
There is certainly no discrimination by maintaining the suit against the defendant Bensabat. The petition shows a right and cause of action against him, whereas, it does not show a right of action against Silv-erman in the Parish of Lafourche. A dismissal as to defendant Bensabat would only burden the petitioner and the Court, as well as defendant Bensabat, with the necessity of the instigation of a new action against him. True, there has been an improper cumulation of two actions herein, one against defendant Bensabat and one against defendant Silverman. The action as against Silv-erman was without jurisdiction and, therefore, must be dismissed. By said dismissal‘there is Certainly no discrimination as against Bensabat, and the action will be maintained as against him.
Since the appeal of this matter, both defendants have filed exceptions of no cause of action based upon the following grounds:
“1. The alleged contract between plaintiff and Albert A. Bensabat, Jr., is unenforceable because it contains a potestative condition subject to the unenforceable discretion of a third party not privy to the contract.
“2. The alleged contract between plaintiff and Mort Silverman is unenforceable for the same reason, i. e., being subject to the unenforceable discretion of a third party not privy to the contract.”
Now in order to determine the merits of the exception we must accept all allegations of the petition as being true. Article 6 of the petition states that “Petitioner * * * has performed his part of both the contracts in full and that all of the conditions of both of the contracts have been met and fulfilled * * *.” Furthermore, we do not believe that the contract contains a potesta-tive condition, as Article 2024 of the LSA-Civil Code defines potestative condition as “ * * * that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.” Not all potestative conditions render a contract null. Only those “ * * * which make the obligation depend solely on the exercise of the obligor’s will”. LSA-C.C. Art. 2035.
As we do not believe that the exception of no cause of action, insofar as Bensabat is concerned, is well founded, same .will be dismissed. As to the exception of Silverman, same is now a moot question and calls for no decision, however, the same rules would apply.
For the reasons hereinabove assigned, the judgment of the Lower Court is amended so as to maintain the exceptions of juris *157 diction and misjoinder as to the defendant Silverman, and the cause of action against him is hereby dismissed, at petitioner’s costs. The exceptions of misjoinder and of no cause of action filed by defendant Bensabat are overruled, all costs of same to await the final determination of the case.
Judgment affirmed in part and reversed in part and case remanded to the Lower Court for trial.