265 So.2d 298 (1972)
COMMERCIAL UNION INSURANCE COMPANY
v.
Sebastian MILAZZO et al.
No. 4945.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1972.
*299 Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, for plaintiff-appellee.
Frank S. Bruno, New Orleans, for defendants-appellants.
Before CHASEZ, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
This is an appeal from a judgment granting plaintiff, Commercial Union Insurance Company, a permanent injunction enjoining defendants, the Succession of Sebastian Milazzo and Curtis R. Boisfontaine, from proceeding with an arbitration claim against Commercial Union Insurance Company.
Sebastian Milazzo was involved in an automobile accident with an uninsured motorist. At the time of the accident, Mr. Milazzo was covered by a public automobile liability policy written by plaintiff in favor of Mr. Milazzo's wife. Milazzo made a claim under this policy for personal injuries suffered in the collision. Unable to amicably adjust his claim Milazzo elected to submit his demand to arbitration before the American Arbitration Association, who appointed Curtis R. Boisfontaine as arbitrator. The pertinent part of the Family Protection Coverage reads:

"Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."
The following amendment was attached to the policy:
"It is agreed that the insured shall not be required to arbitrate disputed claims under Family Protection Coverage."
The plaintiff filed a petition for an injunction and declaratory judgment alleging that LSA-R.S. 22:1406, subd. D(5)[1] is unconstitutional *300 in that it vests in the assured the exclusive right to invoke arbitration in the settlement of disputed claims arising under the uninsured motorists coverage of the policy. Plaintiff also alleged it would suffer irreparable harm if the injunction was not granted because the arbitration ruling on the issue of negligence may differ from the court's and as a result subject plaintiff to double liability under its policy.
The trial court issued a permanent injunction restraining the enforcement of the arbitration provision on the ground that it constituted a potestative condition and therefore was null and void. It further decreed that the ruling of the Louisiana Insurance Rating Commission was an unconstitutional application of the statute pertaining to permissive arbitration.
It is interesting to note that the original attack was leveled against the constitutionality of the statute itself. However, the trial court found the statute to be constitutional but that it was administered in an unconstitutional manner by the Commission.
Plaintiff on appeal asks us to consider whether the Insurance Rating Commission has unconstitutionally applied LSA-R.S. 22:1406, subd. D(5) by requiring all policies to include the provision provided in the statute.
We find nothing unconstitutional in the statute itself because under its terms the insurer had the permissive right to include arbitration in its contract of insurance. In the event of its inclusion of arbitration in the policy, the statute reserves the right to the assured either to submit his disputed claim to arbitration or to have its merits judicially determined.
By its very terms the statute negates any suggestion of compulsory arbitration which has previously been declared by the courts to be invalid and unenforceable. Macaluso v. Watson, 171 So.2d 755 (La.App. 4th Cir. 1965). This conclusion is warranted under the terms of the statute which provides that the inclusion of arbitration in the policy is permissive with the insurer and its utilization in the settlement of a disputed claim is optional with the assured. The validity of this construction is in accord with the interpretation expressed in Bergeron v. Gassen, 185 So.2d 106 (La.App. 4th Cir. 1966).
As we have previously noted, plaintiff's claim is not directed primarily toward the constitutionality of the statute but to the validity of the regulation of the Louisiana Insurance Rating Commission requiring that all policies contain a provision allowing arbitration.
Prior to a consideration of the merits of plaintiff's contention, we must observe the record does not contain a copy of the Commission's regulation which forms the basis of the complaint of unconstitutionality. The only purported evidence of its existence is vaguely set forth in the letter of H. P. Walker, Executive Officer of the Casualty and Surety Division of the Louisiana Insurance Rating Commission, in response to an inquiry of the appellant. We seriously question if this document is sufficient to satisfy the best evidence rule.
In order to successfully assail a regulation of the Louisiana Insurance Rating Commission, it is mandatory that there be strict compliance with the prescribed statutory procedures set forth in the Insurance Code (LSA-R.S. 22:1, et seq.), to which we now briefly allude. The Louisiana Insurance Rating Commission and more particularly the Casualty and Surety Insurance Division created under LSA-R. S. 22:1401 is charged with the responsibility of regulating automobile liability insurance. LSA-R.S. 22:1406, subd. D. It is empowered to permit submission of claims to arbitration. LSA-R.S. 22:1406, subd. D(5). The statute provides for a hearing and review of any ruling or regulation of the Rating Commission (LSA-R.S. 22:1418), and prescribes the procedure therefor in LSA-R.S. 22:1351-1365. All orders of the Commissioner resulting from *301 said hearing are subject to review by the district court under LSA-R.S. 22:1360, which provides:
"* * * The petition for such review shall be filed only in the district court in and for the parish of East Baton Rouge and shall be taken only from an order refusing a hearing or an order on hearing. * * *"
Applying these statutes to the instant matter, we are compelled to conclude that the Louisiana Insurance Commissioner is an indispensable party[2] in a declaratory proceeding seeking to have adjudicated the constitutionality of a regulation of any commission created under the Louisiana Insurance Code. Furthermore, the petition can only be filed in the district court for the Parish of East Baton Rouge. For want of compliance by appellant with these mandatory requirements, we construe this declaratory proceeding, in its present posture, to be a collateral attack on the constitutionality of an insurance regulation and as such completely ineffectual.
The other issue raised on appeal is whether the insurance contract contains a potestative condition. We find plaintiff is estopped from raising this point since it accepted the benefits of the contract, namely premiums, without protest. The case of Busch-Everett Co. v. Vivian Oil Co., 128 La. 886, 55 So. 564 (1911), is controlling when it states in the Court's syllabus:
"Where a party to a contract has obtained all the benefits he intended to obtain from such contract, he cannot subsequently be heard to urge that the contract is void because it contains a potestative condition, and thus defeat the rights of the party who has performed his part of the contract."
See also McClendon v. Busch-Everett Co., 138 La. 722, 70 So. 781 (1916), and Hudspeth v. Producers' Oil Co., 134 La. 1013, 64 So. 891 (1914).
Insurance companies may contractually grant rights and privileges to its policyholders beyond what is prescribed by law and once conferred cannot be heard to complain that it grants to the insured an election of rights which it has not retained for itself or otherwise possesses by law.
Assuming arguendo plaintiff was not estopped from raising the potestative condition claim, we fail to see how the policy contains such a condition.
The right to arbitrate is an elective remedy or benefit granted the assured. It is not a condition which affects the primary obligation of the insurance company to pay the legitimate claim of the assured but merely provides an option as to how the claim may be settled.
Even if this remedy could be called potestative it fails to create a nullity because it does not meet the requirements of LSA-C.C. arts. 2024[3] and 2034[4] that the obligation depends solely on the exercise of the obligor's will. Robinson v. Bensabat, 87 So.2d 153 (La.App. 1st Cir. 1956).
We find the language of Conques v. Andrus, 162 La. 73, 110 So. 93, 94 (1926), controlling when it states:
"While it is true the first quoted article [LSA-C.C. art. 2024] defines a potestative *302 condition to be one that is dependent on an event which is in the power of either of the contracting parties, the obligor or obligee, to bring about or to hinder, still, the second quoted article is explanatory of the first and clearly regulates the effect of such a potestative condition. This second article [LSA-C. C. art. 2034] declares null and void as potestative only such contracts as are made to depend exclusively on the will of him who binds himself.
"There is no prohibition and no nullity is pronounced against an agreement the execution of which by the obligor is made to depend on the will of the obligee or contractee.
"And the reason for this difference in the effect of such a condition is: (1) That if the contract is made to depend solely on the will of the obligor there would be lacking a mutuality of obligation between the parties, without which no valid contract can exist; and (2) a contract by which a person assumes an obligation to do a certain thing and at the same time reserves to himself the privilege of electing not to execute is no contract at all.
"This is not true, however, where the performance of an obligation is made to depend on the will of the party to whom the promise is made. In all such cases when the obligee in the exercise of the option granted him elects to have the obligation in his favor executed, the contract which until that event happens is suspended becomes a commutative, binding, and enforceable contract."
There is little doubt that the promise made by the plaintiff was to pay any valid claim and therefore plaintiff is the obligor and the assured is "the party to whom the promise is made." For the foregoing reasons the judgment of the trial court is reversed with all costs to be borne by the plaintiff.
Reversed.
NOTES
[1] "The coverage required under this Subsection may include provisions for the submission of claims by the assured to arbitration; provided, however, that the submission to arbitration shall be optional with the assured, shall not deprive the assured of his right to bring action against the insurer to recover any sums due him under the terms of the policy, and shall not purport to deprive the courts of this state of jurisdiction of actions against the insurer."
[2] LSA-C.C.P. art. 641 provides:

"Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
"No adjudication of an action can be made unless all indispensable parties are joined therein."
[3] "The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."
[4] "Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."