301 So.2d 400 (1974)
WEIL BROTHERS COTTON, INC., Plaintiff-Appellant,
v.
K. D. KENNINGTON, Defendant-Appellee.
No. 12401.
Court of Appeal of Louisiana, Second Circuit.
October 1, 1974.
*401 Wilkinson, Carmody & Peatross by John M. Madison, Jr., Shreveport, for plaintiff-appellant.
Walter O. Bigby, Bossier City, for defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
AYRES, Judge.
This action arose out of an alleged breach of a certain contract wherein defendant agreed to sell and plaintiff agreed to buy cotton produced during the year 1971 on designated acreage in Bossier Parish, Louisiana. The defense urges, in an exception of no cause or right of action, that the contract, as to the quantity of cotton not delivered, contains a potestative condition, and hence is null and void. From a judgment upholding this defense and sustaining these exceptions, and thereby dismissing plaintiff's action, plaintiff appealed.
The facts as alleged are that plaintiff and defendant entered into a contract under date of April 26, 1971, wherein defendant agreed to sell and plaintiff agreed to buy for a price of $0.3125 per pound cotton produced during that year on a designated 1,620 acres of land situated in Bossier Parish; that the quantity of cotton produced totaled 1,271 bales, of which only 470 bales were delivered under the contract; that notwithstanding amicable demands defendant refused to deliver the remaining 801 bales and, as a consequence of such refusal, plaintiff was forced into the open market to purchase an equal quantity of cotton and to pay therefor the price of $0.3750 per pound in order to fulfill its contracts and commitments to its customers; and that, as a consequence, plaintiff suffered a loss of $25,031.25 which it now seeks to recover from the defendant.
Defendant alleges in his exceptions that plaintiff's petition discloses neither a right nor a cause of action in that the contract sued upon provides that the purchase of the cotton after December 15, 1971, was solely within the discretion of plaintiff and, therefore, that the contract contained a potestative condition rendering it null, void, and unenforceable.
*402 The pertinent provision of the contract upon which defendant relies recites:
"For good and valuable consideration, receipt of which is hereby acknowledged by each party hereto, and in consideration of the parties' mutual covenants, the BUYER agrees to purchase from the SELLER and SELLER agrees to sell to BUYER all of the cotton produced on 1,620 acres located in Bossier County, Louisiana, for the crop year 1971. BUYER does not have to accept any cotton ginned after December 15, 1971, with warehouse receipts dated this date or prior." (Emphasis supplied.)
The trial court, in sustaining defendant's exception, assigned written reasons and, in pertinent part, stated:
"While the Court recognizes that the respondent has a serious point in urging that the proper application of the nullity provided in Civil Code Article 2034 should be that it affects only his obligation to buy and that the exceptor's obligation to sell is valid and enforceable, this Court is nevertheless of the opinion that the correct application of that article and the jurisprudence dictates that transactions between the parties concerning cotton ginned after December 15, 1971, cannot be enforced under the subject purchase and sales agreement because the agreement gives the buyer the right to refuse to accept any cotton ginned after that date, thus binding him only if he chooses to be bound. Since this provision is based solely upon the will of the respondent, it is purely potestative and should be null."
A pertinent codal provision (LSA-C.C. Art. 2034) provides:
"Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself." (Emphasis supplied.)
This article thus provides for the nullity of obligations contracted on a potestative condition "on the part of him who binds himself" as an obligor in the contract. The article does not so provide with reference to such an obligation on the part of an obligee when he, the obligee, attempts to enforce the unconditional obligation of the obligor.
Here the seller's unconditional obligation to sell is at issue, not the buyer's obligation to buy. In this action the existence of a potestative condition or option on the part of the buyer to buy has no effect whatever on the unconditional obligation of the seller to sell "all of the cotton produced... for the crop year 1971." Potestative power is not in the seller-obligor (defendant) as required by LSA-C.C. Art. 2034 of the Revised Civil Code.
A review of the doctrine that a vendee can enforce the vendor's unconditional obligation to sell but can set up a potestative condition on his obligation to buy, if the seller sues to force him to buy, is found in a recent article by Professors Vernon V. Palmer and Andrew L. Plauche, Jr., entitled "A Review of the Louisiana Law on Potestative Conditions," 47 Tul.L.Rev. 284, 288-289 (1973). In that article the obligor-obligee distinction is clearly set forth as follows:
"Since the nullity of article 2034 only applies to the obligation of the obligor, it becomes imperative to identify which obligation under the agreement is questioned. The distinction is not difficult to apply in a unilateral contract. For example, in the contract of deposit (a unilateral contract arising upon delivery of the object) the person holding the thing is clearly the obligor or debtor who is obliged to preserve it and return it in kind to the obligee or creditor. As a simple illustration, assume A receives the deposit of a ring from B, A promising to keep and return the ring if he wishes. The nullity of article 2034 means that A's `obligation' cannot be enforced against him since he has actually made no promise.
"The application of article 2034 in bilateral contracts is not nearly as simple, *403 because the bilateral contract involves at least two obligations. One party is, in relation to his own obligation, an obligor or a debtor who owes performance on his own promise; that same party, in relation to his adversary's obligation, is also an obligee or creditor because he is owed performance by the other party. It is thus said that the nullity of article 2034 has a different application in bilateral contracts since either party has the capacity of creditor and debtor. Because one obligation may be unenforceable, still the other obligation will remain. For example, in a contract of sale where the vendor promises unconditionally to sell but the vendee reserves the option not to buy, the vendee's `obligation' to buy is really a nullity, but the vendor's obligation to sell is valid and enforceable should the vendee choose to buy. This conclusion results because the vendor is an obligee in relation to the obligation to buy and an obligor in relation to his own obligation to sell. Very simply, when there are two obligations and only one potestative condition, one obligation must of necessity be unconditional. If the vendor's obligation is called for by the vendee, the vendor is the debtor and also the obligor, but his promise was made subject to no condition. Therefore, article 2034's nullity is inapplicable because the potestative power does not reside in the person described as the obligor. On the other hand, when the vendee's obligation to buy is called for (prior to the vendee's election to be bound), the vendee is obligor and has the potestative choice of refusing to buy. This is the essential situation in which the article pronounces the nullity of the vendee's obligation. His obligation would only be valid had the potestative condition been on the part of the vendor." (Emphasis supplied.)
In an article by Wood Brown, Assistant Professor of Law, Tulane University College of Law, entitled "The Potestative Condition in Louisiana," 6 Tul.L.Rev. 23 (1931), having reference to problems which arise when a contractual obligation is conditioned upon the option of either the promisor or the promisee, he examined cases pertinent to the subject. There it was stated:
"In order to clarify the question, a brief resume of the respective positions of civil and common law is here made. The potestative condition is broadly defined as one depending upon the will of one of the contracting parties. See (1931) 5 TULANE L.REV. 396. For example, if A promises to sell B a house if A goes to New York within the next year, A's obligation is subject to a potestative condition, since generally speaking it is within A's power to go or to refrain from going to New York. This is a perfectly valid promise both at civil and at common law, since in effect A has subjected himself to alternate obligations, i. e., either to sell his house, or to stay away from New York. Since A has a legal privilege to go to New York if he wish [sic], clearly he has given up something by his promise. See (1931) 5 TULANE L.REV. 398 et seq., 418 et seq. At civil law it is said that A's promise has subjected him to a `practical inconvenience.' In other words, A has actually burdened himself by his promise to do or to refrain from doing something which will make the obligation cognizable in law. See (1931) 5 TULANE L.REV. 420 et seq. Thus it is considered a substantial and enforceable promise. The common law reaches the same result under the doctrine of `legal detriment.'

"It may be noted also that A may promise to sell his house to B if B wishes. Such a promise is also potestative, but the condition is dependent upon the will of the promisee, not that of the promisor. It is clear that this is enforceable both at civil and common law, although in the latter system it would also need consideration moving to the promisor in order to be recognized by the courts. See (1931) 5 TULANE L.REV. 436 et seq." (Emphasis supplied.)
*404 In S. Gumbel Realty & Securities Co. v. Levy, 156 So. 70 (La.App., Orl., 1934), a lease provided that in the event the leased premises were totally destroyed by fire the lessor could, at his option, reconstruct the premises and, if he did so, the lessee would be bound to occupy the premises and pay rent for the remainder of the lease. The premises burned, the lessor reconstructed, and the lessee maintained he had no obligation to reoccupy since the lessor's obligation to rebuild was based on a purely potestative condition. The court recognized, however, that the lessor's obligation to rebuild was not at issue at all. Instead, the lessee's unconditional obligation to occupy the premises and pay rent was being questioned. The court held for the lessor in a suit for payment of rent since the potestative condition was not on the obligation of the lessee:

"... a condition or stipulation is not necessarily destructive of the contract merely because it is made to depend upon the will of one of the parties, but that it has such effect only if it is the obligor who reserves the right to determine whether he shall or shall not act." (Emphasis supplied.) 156 So. 70, 72.
In another case, Conques v. Andrus, 162 La. 73, 110 So. 93 (1926), the Supreme Court of Louisiana followed similar reasoning in a stock sale case. Under the terms of the agreement, the seller agreed to repurchase the stock after five years if the buyer became dissatisfied with it. The buyer became dissatisfied and sued to force the seller to repurchase the stock. In holding for the buyer despite an argument by the seller that the potestative condition rendered the agreement null, the court said:
"The defendant's argument proceeds on the theory that every contract is null and unenforceable which contains a potestative condition depending solely on the will of one of the contracting parties, whether such party be the obligor or obligee.
"While it is true the first quoted article [R.C.C. 2024] defines a potestative condition to be one that is dependent on an event which is in the power of either of the contracting parties, the obligor or obligee, to bring about or to hinder, still, the second quoted article [R.C.C. 2034] is explanatory of the first and clearly regulates the effect of such a potestative condition. This second article declares null and void as potestative only such contracts as are made to depend exclusively on the will of him who binds himself.

* * * * * *

"In all such cases [where the performance of an obligation is made to depend on the will of the party to whom the promise is made] when the obligee in the exercise of the option granted him elects to have the obligation in his favor executed, the contract which until that event happens is suspended becomes a commutative, binding, and enforceable contract." (Emphasis supplied.) 110 So. 93, 94.
And, in the recent case of Commercial Union Insurance Company v. Milazzo, 265 So.2d 298 (La.App., 4th Cir., 1972), the above language in Conques was cited as controlling by the court. In Commercial Union Insurance Company an amendment to an arbitration clause in an insurance contract gave the insured the option not to submit certain claims to arbitration, whereas the insurer was bound to submit to arbitration if the insured so desired. The court rejected the insurer's contention that the contract was a nullity because it contained a potestative condition, citing Conques, supra.
The nullity of a contract, or even nullity of an unconditional obligation of an obligee in a contract does not have the legal effect of a potestative condition relative to one party in a bilateral contract. As was said by Professors Palmer and Plauche:
"This basic point has been overlooked so frequently in Louisiana that it is well to *405 reassure ourselves of its correctness by looking to the history and source of [R.C.C.] article 2034.
"Article 2034 of the Louisiana Civil Code was transcribed verbatim from article 1174 of the French Civil Code of 1804. In the drafting of article 1174, certain alterations were made in order to avoid the misapprehension that the nullity of the obligor's obligation would release the other party.....
"Thus, in the plainest terms the French Civil Code rejected the requirement of strict mutuality of engagements, desiring instead to leave the parties with the freedom to enter into contracts in which one side only would be bound. Neither the French nor the Louisiana Civil Code declares that contracts are potestative; only obligations may be affected by potestative conditions. Louisiana decisions that have held the entire contract null due to a purely potestative condition on one side (regardless of which side) have failed to appreciate that our system of conventional obligations is not afflicted with common law hostility to one-sided contracts." (Emphasis supplied.) 47 Tul.L.Rev. 284, 286.
In the contract before the court, it is plain that the seller obligated himself to sell to the buyer, without any condition whatsoever. The pertinent portion of the contract reads:
"SELLER agrees to sell to BUYER all the cotton produced on 1,620 acres located in Bossier County, Louisiana, for the crop year 1971."
As Professors Palmer and Plauche pointed out in their article, "The legal effect of a potestative condition ... is not to nullify the contract as a whole, but only the obligation of one party." (Emphasis supplied.) The obligation which is "nullified" is that of the party who has been given the power to decide at some date whether he will bind himself (the buyer in this case). The other party, however (the seller in this case), has a unilateral obligation to perform if called upon to do so by the buyer. In this connection, the professors observed:
"... on its face the inappropriate and overcharged word `nullity' fails to indicate this prosaic result. The potestative nullity is a potestative option.

"The truest and plainest analogy to the purely potestative condition is actually an agreement in which the offeree holds an option for a certain period of time to accept or not accept the contract. This may be called a pollicitation in the civil law or a `firm offer' at the common law. [See Louisiana Civil Code Arts. 1802, 1809.] ... the essence of the matter is that one party has consented to be bound though the other party has not.... (Emphasis supplied.) 47 Tul.L.Rev. 284, 301.
The provisions of LSA-C.C. Art. 2034 are appropriate to the factual situation alleged to exist with reference to the contract with which the instant case is concerned. We find no potestative condition contracted on the part of the defendant, who is the seller and obligor.
Defendant cited several authorities which he contends support his position, such as: Martin v. Dutton Motors, 206 La. 154, 19 So.2d 32, 35 (1944); United Carbon Co. v. Interstate Natural Gas Co., 176 La. 929, 147 So. 37, 40 (1933); Owens v. Muslow, 166 La. 423, 117 So. 449 (1928); Murray v. Barnhart, 117 La. 1023, 42 So. 489 (1906). In fact, all these cases apparently support plaintiff's position that in order for a potestative condition to have the effect of annulling or avoiding a contract the potestative condition must be imposed upon the obligor and not the obligee.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and the exceptions of no cause and of no right of action are now overruled. This cause is accordingly remanded *406 to the Honorable Twenty-Sixth Judicial District Court in and for Bossier Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law.
Defendant-appellee is assessed with the cost of this appeal. The assessment of all other costs is to await final determination of this cause.
Reversed and remanded.