FRUGE, Judge.
The principal demand in this case, a workmen’s compensation claim, was concluded by court approved compromise agreement. The Travelers Insurance Com *440 pany, as workmen’s compensation insurer of the principal contractor, Catahoula Construction Company, having paid the compensation claim of an employee of a subcontractor, now through third party demand seeks reimbursement from United States Fidelity' & Guaranty Company, the workmen’s compensation insurer of the subcontractor, B. & L. Construction Company.
The district court sustained the plea of The Travelers that U. S. F. & G. be es-topped to deny that it provided workmen’s compensation coverage to the subcontractor. Accordingly, judgment was rendered against U. S. F. & G. in favor of The Travelers in the amount of $4,299.00. Third party defendant, U. S. F. & G., has taken this appeal.
The facts of this case have been stipulated. According to the stipulation, R. G. Cruse, d/b/a Catahoula Construction Company, having been awarded a contract for certain highway construction work in Cata-houla Parish, entered into a subcontract with B & L Construction Company. The written subcontract required B & L to carry in force workmen’s compensation insurance and to furnish Cruse with a certificate of proof of such insurance “prior to moving on the job.”
B & L Construction Company obtained workmen’s compensation coverage for its Louisiana activities from U. S. F. & G. and received a “Certificate of Insurance” addressed to Catahoula Construction Company. The certificate showed that a workmen’s compensation policy was issued to B & L by U. S. F. & G., the effective date of the policy being October 6, 1961, and the expiration date October 6, 1962, a period of one year. The certificate states, “This is to certify that the following policies, subject to their terms, conditions, and exclusions, have been issued by this company.” It further states that U. S. F. & G. “will make every effort to notify the holder of this certificate of any material change in or cancellation of these policies, but assumes no responsibility for failure to do so.” A similar certificate addressed to the Highway Department of the State of Louisiana was also delivered to' B & L.
As a result of B & L’s failure to pay the premiums for the workmen’s compensation coverage, U. S. F. & G. on May 4, 1962 mailed notice of cancellation of the policy to B & L, cancellation to be effective June 3, 1962. Although a copy of the certificates addressed to Catahoula Construction Company and the Highway Department was in the files of U. S. F. & G.’s agent, no notice of cancellation was sent to either.
On June 12, 1962, Odom v. Chevallier, an employee of B & L Construction Company, was injured while working within the scope and during the course of his employment. The injury was disabling. There having been no question of liability, The Travelers settled the claim for the amount of $4,250.-00 and incurred court costs of $49.00. It is agreed that this amount was legally due Chevallier.
The stipulation provides that if the legal representative of R. G. Cruse were to testify, his testimony would be that one consideration for his entering the contract with B & L was the agreement of B & L to carry in full force at all times workmen’s compensation insurance. He would further testify that he received the “Certificate of Insurance” prior to the date B & L Construction Company commenced work under the subcontract; and that he received no notice or had no knowledge of the cancellation prior to the filing of this suit. He would also' testify that because of the necessity of Traveler’s payment to Chevallier his compensation rates have been adversely affected.
Third party plaintiff, The Travelers, contends that U. S. F. & G. should be estopped to deny workmen’s compensation coverage as insurer of B & L Construction Company because of their failure to notify Catahoula Construction Company of cancellation of the policy. It is argued that U. S. F. & G., having issued the certificate addressed to Catahoula Construction Company, incurred *441 a duty of notification of any material change in or cancellation of the policy. Furthermore, it is argued that had such notice been given, the loss could have been avoided.
Third party defendant maintains that the workmen’s compensation policy was properly cancelled and that there are insufficient grounds for an estoppel. Specifically, it is contended that in issuing the certificate it did not mislead Catahoula Construction Company in any way. U. S. F. & G. argues that the Louisiana Legislature has clearly set forth the steps an insurer must take in order to effectively cancel a policy, citing LSA-R.S. 22:636, which provides in part:
“(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
“(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.”
Estoppel, however, is a bar to the assertion of the truth. Plaintiff’s primary argument is not that the policy has not been cancelled but that U. S. F. & G. should because of its conduct, be precluded from asserting that the policy was cancelled. Therefore, as to the pica of estoppel, LSA-R.S. 22:636 is inapplicable.
Equitable estoppel “arises where a person, by his acts, representations, or admissions, or even by his silence when it is his duty to speak, intentionally or through culpable negligence induces another to believe that certain facts exist, and the other person rightfully relies and acts on such belief, and will be prejudiced if the former is permitted to deny the existence of such facts.” 31 C.J.S. Estoppel § 59. Shirey v. Campbell, La.App. 2 Cir., 151 So.2d 557.
Although we have found no cases with similar factual situations where the doctrine of equitable estoppel was discussed, we are persuaded that estoppel is appropriate under the facts of this case. Where one of two innocent parties must suffer a loss, the one by whose actions the loss was occasioned should bear it. McKenzie & Mouk, Inc. v. Ouachita National Bank, La.App. 2 Cir., 159 So.2d 304; Humble Oil & Refining Company v. Waters, La.App. 2 Cir., 159 So.2d 408; DeSoto Wholesale Grocery Co. v. Pace, La.App. 2 Cir., 34 So.2d 525.
Issuance of the certificate of insurance addressed to Catahoula Construction Company was made by U. S. F. & G. in pursuance of their business of writing workmen’s compensation insurance. It would seem that U. S. F. & G. must have known that some reliance would be placed on the certificate for otherwise there would have been no purpose or reason for its issuance.
It is our view that having issued the certificate U. S. F. & G. incurred a duty to notify the addressee, Catahoula Construction Company, of the cancellation of the policy. No explanation has been offered for failure to give such notification.
From examining the stipulation, it is our opinion that Catahoula Construction Company did rely on the certificate and was lulled into a sense of false security due to the issuance of the certificate and the failure of U. S. F. & G. to notify it of cancellation. This reliance was detrimental in that had there been knowledge of the cancellation, Catahoula Construction Company could have required B & L to obtain other insurance or cease work on the project. The loss could thus have been avoided.
It is our view that the judgment of the district court in sustaining the plea of estoppel is correct. For the stated reasons the judgment is affirmed.
Affirmed.