CULPEPPER, Judge.
This is a suit on a credit life insurance policy. Plaintiffs are the widow and heirs of William Key, the insured. Defendants are the Cherokee Credit Life Insurance Company, the insurer, and City Bank & Trust Company, the creditor-beneficiary under the policy. The district judge sustained the defendant insurer’s “Exception Of No Right Or Cause of Action And Motion For Summary Judgment” and dismissed plaintiffs’ suit. Plaintiffs appealed.
The substantial issues are whether the plaintiffs, even though they are not beneficiaries under the policy, have (1) a right of action and (2) a real and actual interest which they assert.
Plaintiff’s original petition alleges that they are respectively the widow and sole heirs of William Key, deceased; that on January 17, 1969, a policy was issued by the defendant insurer, providing life insurance in the sum of $4,240.89, guaranteeing payment on a note signed by William Key in favor of City Bank & Trust Company of New Iberia, in the event of William Key’s death; that William Key died on January 18, 1969; that despite repeated amicable demand, the defendant insurer has failed and refused to pay any amount whatsoever on the life insurance policy. Plaintiffs prayed for judgment in their favor and against the defendant insurer in the sum of $4,240.89.
Defendant insurer filed an “Exception Of No Right Or Cause Of Action and/or Motion For Summary Judgment” on the grounds that plaintiffs have no right or interest under the policy, since they are not named beneficiaries. The only document filed in support of the Motion For Summary Judgment is a copy of the “Group Credit Insurance Certificate”, which was issued by the defendant insurer to William Key. *698 This document shows that credit life insurance in the sum of $4,240.89 was issued by the defendant insurer on the life of William Key for a premium of $77.77 and contains the following provision:
“A. DEATH — Immediately upon due proof of death of the insured Debtor, the Company agrees to pay to the Creditor/Beneficiary as his interest may appear the amount of insurance then in force, and the balance, if any, shall be paid to whomever the Company shall deem to be equitably entitled thereto.”
The Certificate names City Bank & Trust Company, New Iberia, Louisiana, as the creditor-beneficiary.
Plaintiff filed a Supplemental and Amending Petition, alleging in the alternative, and in the event the court should find that plaintiffs are not beneficiaries under the policy, then and in that event the defendant insurer is liable to City Bank & Trust Company in the full sum of $4,240.-89, in payment of the debt which was owed to it by William Key, deceased; that as the widow and sole heirs of William Key their interest in his estate is materially affected by defendant’s obligation under the policy to pay the indebtedness due to City Bank & Trust Company; that plaintiffs therefore have an interest in the enforcement of the obligations under the policy and are proper parties plaintiffs, although they are not named as beneficiaries; that City Bank & Trust Company has failed to join as a plaintiff in these proceedings or to institute any action in its own right under the policy and therefore should be joined as a party defendant herein and required to assert its rights or, failing to do so, be precluded from making demands in the amount of $4,240.89 against the estate of William Key arising out of the indebtedness on the said note.
City Bank & Trust Company then filed an answer and a petition of intervention, seeking judgment in its favor against the defendant insurer in the sum of $4,240.89, representing the benefits due them under the policy.
Plaintiffs have a right of action under the alternative demand set forth in their supplemental and amending petition. They allege themselves to be respectively the surviving widow and sole heirs of William Key. By the allegations of their supplemental petition that “their interest in the estate of William Key is effected materially by whether his indebtedness at City Bank & Trust Company of New Iberia, Louisiana, is paid by the life insurance policy herein described”, and by filing the present suit, the heirs have accepted the Succession of William Key, LSA-C.C. Article 988. The unconditional acceptance by the heirs brought an end to the succession and the heirs have succeeded to all of the rights of the decedent, Buillard v. Davis, 185 La. 255, 169 So. 78; Danos v. Waterford Oil Company, 225 So.2d 708 (La.App. 1st Cir.1969). This includes the right to institute all actions which the deceased had a right to institute, LSA-C.C. Articles 945 and 947.
As to the surviving widow, since the rights of the decedent under the policy were allegedly acquired during the marriage, they presumably fell into the community, LSA-C.C. Article 2405, and the wife has a right to enforce whatever interest she has acquired in the community.
Under these rules, the surviving widow and sole heirs of William Key have acquired whatever rights he had as a party to the contract of insurance, and they have a right of action to enforce the obligations under the policy.
No contention is made by defendant under LSA-C.C.P. Article 685 that there is a succession representative appointed by the court, who is the proper plaintiff to sue to enforce a right of the deceased or his succession, while the latter is under administration.
*699 It is also clear that plaintiffs have a real and actual interest in this suit, within the meaning of LSA-C.C.P. Article 681. They allege that if the debt owed by William Key to the bank is not paid pursuant to the policy provisions, their interest in his estate will be materially affected. It is clear that this is true, since if the debt is not paid by the defendant insurer, it may become the obligation of the plaintiffs to pay it.
The district judge relied on Pasqua v. State National Life Insurance Company, 226 La. 354, 76 So.2d 394 (1954) and Finch v. Baton Rouge Production Credit Association et al., 154 So.2d 60 (La.App. 1st Cir. 1963), in which the courts held that parties not named as beneficiaries cannot seek to recover as beneficiaries under an insurance policy. Those cases are distinguished. In the present case, the plaintiffs, in their alternative demand, are not seeking to assert rights as beneficiaries under the policy. They are seeking to enforce rights, which they have acquired as the widow and sole heirs of the insured, to demand the performance of a contract to which the decedent was a party. In their supplemental petition, plaintiffs do not demand that the benefits be paid to them. Instead, they pray that the benefits be paid to the beneficiary, City Bank & Trust Company.
For the reasons assigned, the judgment appealed is reversed and set aside. The exceptions of no right or cause of action and the motion for summary judgment filed by the defendant insurer are overruled. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. Costs in the lower court will await a final determination. All costs of this appeal are assessed against the defendant ap-pellee, Cherokee Credit Life Insurance Company.
Reversed and remanded.