357 So.2d 1176 (1978)
AMERICAN BANK AND TRUST COMPANY OF HOUMA
v.
Claude DEROCHE.
No. 11830.
Court of Appeal of Louisiana, First Circuit.
February 13, 1978.
Rehearing Denied May 2, 1978.
*1177 John T. Pettigrew, Houma, for plaintiff and appellee.
Robert J. Prejeant, Houma, for third party and appellee.
Ralph D. Hillman, Thibodaux, for defendant and appellant.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
This appeal from a judgment denying the reconventional demand of the defendant, Claude Deroche, emanates from an executory process, brought by the plaintiff, American Bank & Trust Company of Houma, Louisiana. The executory process action has been dismissed as the defendant extinguished the indebtedness including attorney's fees and court costs. Deroche reconvened against the American Bank and filed a third party demand against Fidelity Life Insurance Company (Fidelity) for damages. The Trial Judge held in favor of the American Bank & Fidelity. Deroche has appealed.
The record points out that Deroche had done business with the American Bank for several years and had executed a $5,300 collateral mortgage on May 30, 1968. On July 6, 1970, Deroche executed a handnote for $5,235.35 secured by the collateral mortgage, and in addition purchased a credit disability insurance policy from American Benefit Life Insurance Company (American Benefit) through the bank for a premium of $125.00. Mr. Dan Powell, a Vice President and Loan Officer of American Bank, was the officer of the bank with whom Deroche did business. In January of 1972, Deroche suffered a disabling heart condition and notified Powell of his desire to claim disability under the insurance policy. American Benefit paid the installments on the loan during Deroche's temporary disability.
On April 16, 1973, Deroche, along with his wife, discussed with Powell the possibility of an additional loan (the proceeds to be used to pay income tax). A new loan was executed on that date for $4,911.17, the proceeds distributed as follows: $2,568.57 to pay the outstanding balance on the old note, $2,000 deposited to Deroche's checking account, $228.40 premium for credit life insurance and $114.20 premium for credit disability insurance. Powell wrote this insurance with Fidelity.
In June of 1974 Deroche's heart condition reoccurred disabling him permanently. Deroche was not able to pay the note; Fidelity denied coverage because of his preexisting heart condition; and the American Bank proceeded with foreclosure. Deroche had the writ of seizure and sale set aside by paying off the note along with attorney's fees and court costs in the total amount of $5,162.88. He then reconvened claiming that the bank was at fault in not informing him that by obtaining a new insurance policy he would not be able to recover for a preexisting condition if he became disabled.
Deroche has abandoned his demands against Fidelity, and thus that part of the judgment is final.
In denying the reconventional demand, the Trial Judge did not assign written reasons, nor did he dictate oral reasons into the record.
In order for appellant to succeed he must establish that the American Bank owed a duty to him, that they breached that duty, and that he, Deroche, has suffered a loss as a result of the bank's action. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), Lea v. Baumann Surgical Supplies, Inc., 321 So.2d 844 (La.App. 1st Cir. 1975) writs refused, 325 So.2d 279 (La.1976).
Under LSA-C.C. arts. 3016 and 3017, an intermediary or broker who negotiates a transaction between two parties is held to a fiduciary obligation to perform his duties faithfully for both parties. Thomas v. House of Toyota, 286 So.2d 504 (La.App. 1st Cir. 1973). It is clear from the record that American Bank acted as a broker between Deroche and both of the disability insurance companies, receiving a commission from both transactions. American Bank, as broker, owes a duty to this insured *1178 and is liable for any loss sustained from a breach of that duty due to its fault or negligence. LSA-C.C. art. 3003, Kieran v. Commercial Union Insurance Co. of N. Y., 271 So.2d 889 (La.App. 4th Cir. 1973).
In April of 1973 at the time the loan was made, Powell knew of Deroche's preexisting heart condition and the previous disability. Powell admitted at trial that he was well aware that Fidelity would not insure a disability resulting from a preexisting heart condition. He further admitted that he neglected to disclose this information to Deroche. Nonetheless, he included credit disability insurance as part of the loan just as he had done in 1970. Powell did not request a health application or even ask any questions concerning Deroche's health. Rather, he merely charged the premium of $114.20, obtained Deroche's signature on the insurance form, and completed the loan transaction.
Under these circumstances, Deroche was reasonable in assuming that he had paid for and received from Powell the same type of credit disability insurance that he had previously.
An insurance agent or broker who undertakes to procure insurance owes a duty to his client to use due diligence in attempting to place the insurance and to notify the client if he is unable to obtain the desired coverage. A client may recover from the agent the loss sustained as a result of the agent's failure to procure the desired coverage when the agent's actions warrant an assumption by the client that he is properly insured. Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728 (La.1973) and cases therein cited. See also Walker v. Fontenot, 329 So.2d 762 (La.App. 1st Cir. 1976), writ refused 332 So.2d 217 (La.1976); Riley v. Carver General Insurance Agency, Inc., 279 So.2d 698 (La.App. 4th Cir. 1973), writ refused 282 So.2d 523 (La.1973).
Having determined that American Bank breached its obligation to procure insurance for Deroche, we must determine damages. The measure of recovery is stated in LSA-C.C. art. 1934(1) as those damages that may have been contemplated. Frank v. United Companies Mortgage & Investment, Inc., 295 So.2d 231 (La.App. 3rd Cir. 1974). The essence of credit disability insurance is the payment of the loan during the disability of the debtor. Deroche is permanently disabled. Therefore the loss Deroche suffered through American Bank's failure to acquire the insurance coverage is the total amount which he was forced to pay to be relieved of the foreclosure proceeding, $5,162.88.
For the above reasons, the judgment appealed is reversed; and judgment is rendered in favor of Deroche against the American Bank in the sum of $5,162.88, together with legal interest from the date of judicial demand until paid. All costs are to be borne by the American Bank.
REVERSED AND RENDERED.
LOTTINGER, Judge, concurring.
I concur in the reversal of the trial court, however, I would limit defendant's recovery to the balance that would have been due on the July 6, 1970 note as if same had not been cancelled as of July, 1974, the date of Mr. Deroche's disability, and additionally that amount of attorney fees, interest and court costs directly attributable to the July 6, 1970 loan. I find no duty on the bank to inform Mr. Deroche that the policy of health and accident insurance issued in connection with the April 16, 1973, loan would not cover his pre-existing heart condition.