372 So.2d 622 (1979)
UNITED COMPANIES MORTGAGE AND INVESTMENT OF HAMMOND, INC.,
v.
ESTATE of Cecil McGEE and Eloise Verrett McGee.
No. 12640.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
Robert L. Kleinpeter, Baton Rouge, for plaintiff.
Nelson D. Taylor, Baton Rouge, for defendants.
Before CHIASSON, EDWARDS and SARTAIN, JJ.
CHIASSON, Judge.
United Companies Mortgage and Investment of Hammond, Inc. (United) sued Eloise McGee individually and as the administratrix of the estate of Cecil McGee for the *623 balance due on a promissory note. Cecil McGee had three loans with United which were refinanced on March 28, 1974 and consolidated into one loan in the face amount of $11,998.80. The amount refinanced was $5,830.29 and the finance charges were $6,168.51. An executory proceeding was originally filed by United for the sum of $11,998.80 less a credit of $5,647.20 for rebate of unearned interest and return of the premium on a life insurance policy issued to McGee's son.
At the time the March 28th note was signed, Cecil McGee was terminally ill and died twelve days after signing the note. He had been ill for some time and the signing took place at his home.
The defendant, Mrs. McGee, obtained a temporary restraining order prohibiting the sale of the property alleging among other things that the transaction giving rise to the claim was in violation of the Louisiana Consumer Credit Law (LCCL). La.R.S. 9:3510, et seq. United amended its original petition and converted to an ordinary proceeding. The defendants answered the amended petition alleging and incorporating their defense of violation of the LCCL which they had specified in their petition for enjoining the sale of the property.
After suit was filed but before trial, United admitted that the credit life insurance on one of the three loans that had been refinanced had not been cancelled prior to Cecil McGee's death and a credit of $3,610.62 was given to the defendants.
The trial court rendered judgment in favor of plaintiff in the amount of $2,740.98 with interest and attorney's fees. Defendants appeal that judgment.
Appellants attempted in the trial court to prove that if the three loans that were refinanced by the March 28th loan had insurance coverage, then they would have been wholly or partially paid upon the death of Cecil McGee.
If this were true, then appellants argued the March 28th transaction was unconscionable, because if the loans would have been paid off by insurance, Cecil McGee would not have refinanced the three loans with no insurance coverage. Appellants also argued that no explanation was made to Cecil McGee as to what effect refinancing would have on his insurance coverage.
Appellee argued that Cecil McGee was behind in payments on three loans. Since United was concerned about the overdue payments, their agent went to Mr. McGee to discuss with him consolidating the three loans. In fact, United points out that one loan was paid off and the other two were consolidated to reduce the monthly payments in the March 28th loan. United also argued that their agent did not know Cecil McGee was terminally ill; that the history of the three loans that were consolidated was not relevant to the claim of the debt owed on the March 28th transaction; that through discovery they had given appellants all the information requested; and that the testimony revealed they had given all the credits to Cecil McGee on the March 28th transaction to which he was entitled.
At the outset we find that United was in a fiduciary relationship to Cecil McGee as regards the insurance on all of the loan transactions. Mr. Grey and Mr. Clements, United employees, are agents of the United Companies Life Insurance Company. Mr. Clements negotiated the transaction of March 28 with Cecil McGee and negotiated the life insurance coverage on that loan with Cecil and Charlie McGee. Under LSA-C.C. arts. 3016 and 3017 an intermediary who negotiates a transaction between two parties is held to a fiduciary obligation to perform his duties faithfully for both parties. American Bank & Trust Company of Houma v. Deroche, 357 So.2d 1176 (La.App. 1st Cir. 1978).
Mr. Clements acted as an intermediary between the insurance and loan companies and Cecil McGee. As such, he had a duty to explain to Cecil McGee what death and disability insurance coverage Mr. McGee had on the three loans and how refinancing would affect that coverage. In the instant case, we believe his fiduciary obligation also extended to an explanation of the effect of providing life insurance on *624 Charlie McGee (Cecil McGee's son) to insure coverage on a loan made by Cecil McGee.
The appellants in cross examining Mr. Clements attempted to determine what would have happened to the three loans had they not been refinanced and Mr. McGee had died. Appellee objected to the line of questioning and his objection was sustained. We find the trial court was in error in sustaining that objection. We believe the line of questioning was pertinent and relevant to the appellants' defense of a violation of the LCCL.
The appellants also sought to elicit evidence concerning the credits, rebates, and payment records on the other two loans which had been refinanced on March 28. The trial judge erroneously sustained plaintiff's objection to this line of questioning as being irrelevant.
La.R.S. 9:3551[1] and 9:3516(29)[2] require the appellants to prove that at the time the refinancing contract was entered into it was so onerous, oppressive or one-sided that a reasonable man would not have freely given his consent to such a contract.
Appellants should have been allowed to present facts concerning their defense of a violation of the LCCL so that the trial judge could rule thereon. The questions of appellants were valid to such a defense.
For these reasons, we remand this case to the trial court for further proceedings in conformity with our holdings herein. Costs of this appeal to be paid by appellee. All other costs to await final determination of this case.
REMANDED.
NOTES
[1] La.R.S. 9:3551

"With respect to a consumer credit transaction, if the court as a matter of law finds the agreement or any clause of the agreement to have been unconscionable at any time it was made the court may refuse to enforce the agreement, or it may enforce the remainder of the agreement without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result; provided, however, for the purposes of this chapter, an agreement, clause, charge or practice expressly permitted by this chapter or any other law or regulation of this state or of the United States or subdivision of either, or an agreement, clause, charge or practice necessarily implied as being permitted by this chapter or any other law or regulation of this state or the United State or any subdivision of either is not unconscionable."
[2] La.R.S. 9:3516(29) "Unconscionable'. A contract or clause is unconscionable when at the time the contract is entered into it is so onerous, oppressive or one-side that a reasonable man would not have freely given his consent to the contract or clause thereof in question; provided, however, for the purposes of this chapter, an agreement, clause charge or practice expressly permitted by this chapter or any other law or regulation of this state or of the United States or subdivision of either, or an arrangement, clause, charge or practice necessarily implied as being permitted by this chapter or any other law or regulation of this state or the United States or any subdivision of either is not unconscionable."