452 So.2d 409 (1984)
Damon "Jack" JACKSON, Plaintiff-Appellant,
v.
WAL MART PROPERTIES, INC., et al., Defendants-Appellees.
No. 83-772.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*411 Marcantel & Marcantel, David Emile Marcantel, Jennings, for plaintiff-appellant.
Donald Jory, Jennings, for defendantsappellees.
Before GUIDRY, LABORDE and KNOLL, JJ.
GUIDRY, Judge.
The plaintiff, Damon "Jack" Jackson, brought this suit to recover money owed him in connection with two construction projects. The two projects were for the construction of Wal-Mart stores, one in Jennings, in Jefferson Davis Parish, and the other in Galliano, in Lafourche Parish.[1] The plaintiff further sought recognition of a laborer's and materialman's privilege against each job site. Made defendants were the owner, Wal-Mart Properties, Inc., the general contractor, B.G. Coney Company, and a sub-contractor, Richard Barras d/b/a Barco Construction, Inc. Barras was dismissed without prejudice prior to the trial of the matter.
The trial court rendered judgment in favor of the plaintiff in the amount of $2,349.00, representing wages owed the plaintiff in connection with the construction of the Galliano Wal-Mart store. The judgment further awarded the plaintiff $17.00 for recordation costs, and recognized the lien filed by the plaintiff in Lafourche Parish. All other amounts sought by the plaintiff were denied, and the lien filed in Jefferson Davis Parish was ordered cancelled.
The plaintiff appeals, alleging that the trial court erred in (1) denying the various other amounts claimed by the plaintiff; (2) cancelling the lien filed in Jefferson Davis Parish; and, (3) refusing to allow the plaintiff to introduce evidence of the correct legal description of the Galliano property.[2]
The plaintiff was employed in a supervisory position by Richard Barras d/b/a Barco Construction, Inc. At the time he was hired, the plaintiff was unaware that Barco Construction, Inc. was not in fact incorporated, but was simply being used as a trade name by Richard Barras. Jackson worked on both Wal-Mart construction projects. During the course of the construction, he incurred various expenses on behalf of Barras. He now seeks to recover these amounts from the owner and the general contractor, and to secure his claim against the owner by a privilege on the immovables, all pursuant to La.R.S. 9:4802, which provides in pertinent part:
"A. The following persons have a claim against the owner and a claim *412 against the contractor to secure payment of the following obligations arising out of the performance of work under the contract:
(1) Subcontractors, for the price of their work.
(2) Laborers or employees of the contractor or a subcontractor, for the price of work performed at the site of the immovable.
(3) Sellers, for the price of movables sold to the contractor or a subcontractor that become component parts of the immovable, or are consumed at the site of the immovable, or are consumed in machinery or equipment used at the site of the immovable.
(4) Lessors, for the rent of movables used at the site of the immovable and leased to the contractor or a subcontractor by written contract.
B. The claims against the owner shall be secured by a privilege on the immovable on which the work is performed."
The plaintiff seeks to recover from the defendants reimbursement for the following expenses, all of which were denied by the trial court:
(1) $168.00 paid by the plaintiff for rental of a concrete saw used on the Galliano job site. The plaintiff testified that B.G. Coney's job superintendent, Louis Simpson, told him that B.G. Coney would not be able to open an account with the rental company for three or four days, and that the saw was needed on the job the following day. Simpson asked the plaintiff to rent the saw and to pay for the first week's rental, assuring him that he would be reimbursed by B.G. Coney. Plaintiff fulfilled this request, expending $168.00 of his personal funds. Plaintiff testified that he has not been reimbursed.
(2) $156.08 in expenses incurred by the plaintiff in connection with the Galliano project. One of the plaintiff's job duties was to pay for miscellaneous expenses, after which he would be reimbursed by Barras. At the end of each week, Jackson would send the receipts to Barras, in turn drawing a check on the Barco account, payable to himself, for reimbursement. One such check, in the amount of $156.08, was returned for lack of sufficient funds. Plaintiff has never been reimbursed for these expenses.
(3) $3,030.00 loaned by Jackson to Barras. On January 14, 1983, Barras telephoned Jackson and told him that the weekly draw check from B.G. Coney had not arrived, and that as a result, Barras had no money to pay laborers and subcontractors at the Jennings job site, who were due to be paid that afternoon. Barras asked Jackson to loan him the necessary funds. Later the same day, Jackson borrowed $3,030.00 from Jeff Davis Bank in Jennings and deposited the funds into the Barco Construction account. The money was then used to pay laborers and subcontractors on the Jennings Wal-Mart job site. Jackson has not been reimbursed.
With regard to the $168.00 paid by the plaintiff as rental for the concrete saw, we find no error in the trial court's conclusion that this expense is not recoverable under La.R.S. 9:4802. The plaintiff might be considered a lessor pursuant to La.R.S. 9:4802(A)(4), inasmuch as he, having rented the saw in his own name, in turn allowed B.G. Coney to use the saw based upon the agreement to reimburse him for the rental costs. However, there was no written contract of lease between lessor and contractor as required by La.R.S. 9:4802(A)(4). Thus, Jackson may not claim this amount as a lessor. It is equally clear that the plaintiff may not recover this amount as a supplier of materials, as the saw in question did not become a component part of the immovable nor was it consumed at the site of the immovable. La.R.S. 9:4802(A)(3).
In the alternative, plaintiff urges that he is entitled to recover the saw rental from B.G. Coney as a matter of simple contract, independent of the provisions of the Private Works Act. The plaintiff rented the saw at the request of a B.G. Coney employee, Louis Simpson, who assured the plaintiff that he would be reimbursed by *413 B.G. Coney. However, in order to enforce this agreement against B.G. Coney, an agency relationship between Coney and Simpson must be shown.
An "agent" is one who acts for or in the place of another by authority from him. Craft v. Trahan, 351 So.2d 277 (La. App. 3rd Cir.1977), writ denied, 353 So.2d 1336 (La.1978). Actual authority exists when the principal grants authority to the agent by express or implied consent. Apparent authority exists when the principal acts in such a way that a third person is justified in assuming that the agent has authority to act for the principal, even though the principal may not have granted the authority to the agent. Thompson v. Great Midwest Fur Co., 395 So.2d 840 (La.App. 1st Cir.1981). The principal may be bound for the acts of an agent who acts with actual or apparent authority.
In the instant case, there is nothing in the record to show that Simpson was authorized to act in the name of B.G. Coney. The plaintiff was the only person to testify. He stated that Simpson was B.G. Coney's job superintendent. There is no testimony, however, relative to the scope of Simpson's authority or what his job entailed. In short, the plaintiff has failed to allege that Simpson had the authority, actual or apparent, to act for B.G. Coney, nor has he offered any proof in support thereof. Under these circumstances, Simpson's agreement with the plaintiff may not be imputed to B.G. Coney. There is no error in the trial court's denial of this claim.
We next consider whether the plaintiff may recover the $156.08 in expenses he incurred in connection with the Galliano project. The plaintiff testified that when he was transferred from the Jennings project to the Galliano project, he was to be paid the same hourly rate, and in addition thereto, he was to be paid for the added personal expenses resulting from his living away from home. He asserts that these expenses should be considered part of "the price of work performed at the site of the immovable." La.R.S. 9:4802(A)(2).
It is unnecessary for us to consider whether the plaintiff's added living expenses are recoverable as a cost of labor. The record shows that in large measure, the $156.08 the plaintiff seeks to recover represents expenses the plaintiff incurred on behalf of Barras. The plaintiff would pay for items needed by the construction crew on the job, after which he would be reimbursed by Barras. It is clear that these payments form no part of the price of work performed at the site of the immovable. The plaintiff's testimony indicates that some of the expenses covered by the $156.08 check may have been his personal expenses. However, he offers no evidence to show the amount of the expenses or the purpose for which they were incurred. In short, the plaintiff has failed to prove that any portion of the alleged expenses covered by the $156.08 check represents the "price of work performed at the site of the immovable." La.R.S. 9:4802(A)(2).
Next, we consider the $3,030.00 advanced by Jackson to Barras to meet the monthly payroll. The plaintiff urges that this loan should also be considered part of "the price of work performed at the site of the immovable", and hence recoverable from the owner and the contractor. Clearly it is not. The record shows that after Jackson deposited the funds in the Barco account, all employees and subcontractors were paid. No employee's labor went uncompensated. Jackson stands in the same position as a bank which loans money to a contractor or subcontractor to pay laborers. He is not entitled to claim this amount from the general contractor and the owner, nor is he entitled to a lien against the Jennings job site. See Red River Valley Bank & Trust v. Louisiana P.C. Co., 142 La. 838, 77 So. 763 (1918); Thompson v. O'Leary, 146 La. 843, 84 So. 116 (1919).
The plaintiff also asserts that the trial court erred in refusing to allow him to introduce evidence of the correct legal description of the Wal-Mart property in Lafourche Parish. The affidavit of claim filed in Lafourche Parish contained the following *414 description of the Wal-Mart property:
"Tarpon Heights Plaza, located at the intersection of 92nd Street and Highway 308, Galliano, Louisiana."
The trial court rendered judgment recognizing the plaintiff's lien on the Lafourche Parish property to secure the payment of unpaid wages. The judgment recognized the lien on the property as described in the plaintiff's affidavit of claim. The plaintiff contends that the judgment should have recognized the lien on the property as per the correct legal description.
First, we observe that the question of the sufficiency of the description of the property in the plaintiff's affidavit is not before us. The plaintiff did not pray for reformation of the instrument, nor did defendants question the sufficiency of the description. The narrow issue is whether the lien against the property may be recognized as per a corrected property description different than that appearing in the affidavit of claim. We find that it may not, and that the trial court was correct in refusing to admit evidence of a more particular description.
La.R.S. 9:4822(G) provides:
"A statement of a claim or privilege:
. . . . .
(3) Shall reasonably identify the immovable with respect to which the work was performed or movables or services were supplied or rendered and the owner thereof."
The purpose of the statement of claim or privilege is to give notice of the claim to the owner and the contractor and to give third persons notice that a privilege is claimed on the property. See Mercantile Nat. Bank of Dallas v. J. Thomas Driscoll, Inc., 194 La. 935, 195 So. 497 (1940).
Assuming, arguendo, that the description of the property in the statement of claim is insufficient to put third persons on notice of the claim, a subsequent correction of the description could not prejudice the rights of third persons who, in the interim, were misled by the erroneous description. Such would thwart the purpose of the statement of claim or privilege. Further, defendants have not questioned the sufficiency of the description employed in the affidavit. Under these circumstances, the trial court was correct in refusing to admit evidence of the correct description.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] This suit was brought in Jefferson Davis Parish. With regard to the claim against the Lafourche Parish job site, no objection to the venue was made by defendants.
[2] Defendants did not appeal or answer the appeal. Therefore, that portion of the judgment awarding plaintiff the principal sum of $2,349.00 and recognizing his lien and privilege against the Galliano job site is final.