ALFORD, Judge.
This is an appeal from a judgment in favor of the defendants, First National *359 Bank, St. Tammany Parish (Bank) and Allied Bankers Life Insurance Company (Allied), dismissing plaintiff, Patricia Bourcq Hall’s, claim for the proceeds of a credit life insurance policy issued by Allied to her husband, Olin B. Hall, Jr. The court also cast plaintiff for all court costs.
On March 1, 1979, the Halls executed a promissory note for a $5,000 loan, payable to the Bank. The promissory note was secured by a collateral mortgage note and a collateral mortgage on the Hall’s immovable property located in Bogalusa. The promissory note provided for eleven monthly installments of $106.24 and one final installment of the balance due, the first installment being due and payable on March 15, 1979. The Truth-in-Lending form executed in conjunction with the loan showed that the loan was to be paid as follows:
In 11 monthly installments of $106.24 each and 1 installments of $Balance beginning on the 15 of March, 1979, and continuing on the same day of each month thereafter until paid.
The form also showed that Mr. Hall requested credit life insurance for the term of the credit, for which he paid a premium of $86.75. The Bank issued a certificate of insurance under their group policy with Allied, which provided that credit life coverage became effective on March 1,1979, and expired on March 1, 1980. The Bank never delivered a copy of the certificate to the Halls.
The Halls made monthly payments on the loan from March, 1979, through January, 1981, some eleven months after the final installment for the balance of the note became due. Mr. Hall died on February 2, 1981. In letters dated February 18, 1981, and March 13, 1981, the Bank informed plaintiff’s attorney and decedent’s estate that the note had matured in March of 1980 and that the note needed to be renewed or paid out. The letter to plaintiff's attorney further advised that the credit life policy had expired in March, 1980.
Monthly payments continued to be made through October 15, 1981. On October 21, 1981, plaintiff renegotiated the loan personally. Thereafter, on April 7, 1982, plaintiff as executrix of Mr. Hall’s succession, filed suit against the Bank and Allied to recover the amount of the credit life policy, plus interest, attorney’s fees and costs.[2] By amending petitions, plaintiff sought to recover in an individual capacity and demanded reimbursement for all payments made on the October, 1981, loan. The trial court found that the Bank had not extended the term of credit by failing to call in the loan on its due date, that the Bank had no duty to extend the life insurance policy which expired in March, 1980, that Allied was not liable under the insurance certificate, and that no remedy was available to the plaintiff under the Consumer Credit law. We agree and affirm.
On appeal, plaintiff alleges that the court erred in failing to give any consideration to the consumer credit laws regarding insurance. This contention is totally without merit since the Consumer Credit law does not apply to a loan on immovable property, unless the parties so stipulate in the contract. LSA R.S. 9:3516(12) and (14) and 9:3542 et seq.[3] The parties did not so stipulate in the instant case.
Plaintiff also claims that the trial court erred in determining that the term of credit and the credit life insurance policy were *360 not extended by the Bank's failure to sue upon the note when due. As expressed by the trial court:
The plaintiff contends that the defendant tacitly extended the time of payment by continuing to accept monthly payments for more than a year following the maturity date as shown on the note, and therefore, had a duty to either renew the insurance policy or notify the plaintiff that the policy was no longer in force.
An extension of time may be granted for payment of a note; however, the obligor must prove such extension and must show lawful cause for the postponement. Busby v. Parish Nat. Bank, 464 So.2d 374 (La.App. 1st Cir.1985), writ denied, 467 So.2d 1132 (La.1985). In order to establish such an extension, the obligor must show proof of an agreement between the obligor and obligee where, in exchange for sufficient consideration, the obligee agrees to forego his right of action against the obligor during the extension period. Federal Deposit Ins. Corp. v. Louisiana Nat. Bank, 653 F.2d 927 (5th Cir.1981). Such an agreement may be implied from circumstances attending the transaction; however, an extension of the debt cannot be inferred from a mere failure to sue where no extension of time is ever expressly granted by the holder of the indebtedness. 653 F.2d at 941.
In the instant case, the trial court noted that there was conflicting testimony as to whether or not the plaintiff was notified of the maturity of the note prior to February of 1981. The record is devoid of any proof that the Bank agreed to forego its right of action at any time after the note matured and prior to Mr. Hall’s death. We note the Bank failed to exercise the provision in the promissory note that allowed the bearer (Bank) to unilaterally grant a deferral and collect a deferral charge. The trial court stated that:
[D]efense witnesses testified that at no time did the defendant bank intend, either tacitly or expressly, to extend the time of payment. The plaintiff has not sustained her burden of proof. Accordingly, the Court finds that the term of credit was not extended and that the delay on the part of the defendant to enforce payment of the note was “in the nature of a temporary indulgence, and the rights of no one were altered thereby.” (Citation omitted)
After a thorough review of the record, we are unable to conclude that the trial court’s findings of fact based on its evaluation of the live testimony are clearly wrong.
On the question of insurance, we agree with plaintiff that the Bank in the instant case was clearly an agent of Allied in regard to the credit life policy. However, in the cases cited by the plaintiff wherein the agent was held liable to the insured, there was a breach of the agent’s duty, i.e., an actual failure by the agent to procure the mutually agreed upon insurance. In one case, the bank took the insured’s money for the premium, but failed to ever issue the certificate. Brasher v. Life Insurance Company of Louisiana, 306 So.2d 321 (La.App. 3d Cir.1975), writ refused, 310 So.2d 639 (La.1975). In another instance, the credit association expressly agreed to keep the policy in effect while re-negotiation of the loan was underway. Finch v. Baton Rouge Production Credit Association, 154 So.2d 60 (La.App. 1st Cir. 1963). In a third case, the bank was held liable for including a credit disability premium as part of the loan when the bank official knew that, because of the borrower’s pre-existing heart condition, the insurance company would not approve the insurance. American Bank & Trust Co. of Houma v. Deroche, 357 So.2d 1176 (La. App. 1st Cir.1978).
In order for the plaintiff to succeed in the instant case, she must show that the Bank owed a duty to her, that the Bank breached its duty, and that she suffered a loss as a result of the Bank’s action. 357 So.2d at 1177. It is apparent that Mr. Hall requested credit life for the term of the credit on the Truth-in-Lending form. That term was clearly shown to be twelve months on both the Truth-in-Lending form *361 and on the promissory note. Mr. Hall paid the Bank a premium for twelve months of credit life coverage. Therefore, the Bank was under a duty to provide credit life insurance for a twelve-month period, which it did. The Bank never in any way indicated that the policy would extend for a longer period than twelve months; therefore, the Bank did not breach its duty to provide the mutually agreed upon insurance coverage.
We note that the plaintiff has cited no authority to show that the Bank was under any type of duty to expressly inform the Halls that the coverage expired in March, 1980. The legislature has enacted a statute requiring written notice of cancellation of a life insurance policy for non-payment of premiums; however, this notice requirement does not apply to policies written for a term of one-year or less. LSA-R.S. 22:177. Moreover this statute has not been applied to credit life policies such as the one involved in the case before us. In addition, neither the certificate of insurance, nor the Agency Agreement with Allied, nor Allied’s master policy created any contractual duty to notify the Halls of the expiration of the credit life term. Therefore, we conclude that the Bank was under no duty to inform the Halls when coverage expired.
As to liability on the part of the insurance company, the jurisprudence is clear that Allied is not responsible for any payment on the certificate of insurance that expired in March, 1980. See Beal v. Lomas and Nettleton Co., 410 So.2d 318 (La.App. 4th Cir.1982); Brasher, 306 So.2d at 326.
For the foregoing reasons, we affirm the judgment of the trial court in favor of the defendants, First National Bank, St. Tammany Parish and Allied Bankers Life Insurance Company, dismissing plaintiffs demands. Costs of this appeal are to be borne by the in forma pauperis fund.
AFFIRMED.

. The Bank filed a third party demand against its insurer, Fidelity & Deposit Company of Maryland, which was dismissed prior to trial on the merits.

. LSA-R.S. 9:3516(12) defines "consumer credit transaction” as "a consumer loan, consumer credit sale or a consumer lease.”
LSA-R.S. 9:3516(14) defines "consumer loan” as "a loan of money or its equivalent ... but does not include a loan on immovable property, made pursuant to R.S. 9:3503 and R.S. 9:3505."
LSA-R.S. 9:3542 et seq. apply to insurance requirements for consumer credit transactions only.